ELLA A. TUDOR

*v.*

CHICAGO AND SOUTH SIDE RAPID TRANSIT RAILROAD CO.

*Filed at Ottawa November 9, 1896.*

1. EMINENT DOMAIN—*city ordinance may affect pending proceedings to condemn.* Proceedings pending by an elevated railroad company to condemn a right of way, under its charter authorized to be one hundred feet in width, but by a city ordinance, passed under power to provide for and change the location of the road, limited to thirty feet and to the location parallel to and adjoining an alley, are within the operation of a subsequent ordinance removing the latter restrictions.

2. SAME—*when ordinance is not ultra vires as restricting terms of statute.* An ordinance providing that a prior ordinance limiting the width of right of way of an elevated railroad company shall not apply to property located adjacent to an alley which has not been opened, but that additional land for right of way may in such case be acquired, is not *ultra vires* as changing the act of incorporation, under which the company was entitled to condemn a wider right of way.

3. SAME—*judgment in condemnation cannot cure invalid taking of land.* A judgment in proceedings by an elevated railroad company to condemn lands which, at the time the proceedings were instituted, it could not condemn because of restrictions imposed by a city ordinance, should not, after removal of the restrictions, validate the original taking by giving the owner interest from the time when the company first went into occupation, as such owner's damages may have exceeded the interest.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

HARBERT & DALEY, for appellant:

A prospective operation will not be given to statutes unless a legislative intent to the contrary is declared or necessarily implied from the circumstances or the language used.     23 Am. & Eng. Ency. of Law, 448.

The compensation for the taking of property must be fixed by the value at the date of the filing of the petition for such taking.     *Dupuis* v. *Railway Co.* 115 Ill. 99; *Railroad Co.* v. *Catholic Bishop*, 119 id. 525; *Schreiber* v. *Railroad Co.* 115 id. 340.

The rights of the petitioner relate back to the date of the filing of the petition.     *Schreiber* v. *Railroad Co.* 115 Ill. 340; *Railroad Co.* v. *Catholic Bishop*, 119 id. 525.

WILSON, MOORE & MCILVAINE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The former judgment of the circuit court of Cook county condemning the west six feet of lot 13, owned by appellant, Ella A. Tudor, was reversed by this court because there was no authority for such condemnation, for the reason that by the ordinance of the city of Chicago as it then stood, authorizing the location of appellee's elevated road, appellee was restricted to a right of way of the width of thirty feet except where a greater width was required for termini and curves, and at the place in question was confined in the location of the right of way so that it should be immediately adjacent to and parallel with one of the alley lines, but by the condemnation of this six feet the width of the right of way where it passed over appellant's property would have been increased to thirty-one feet, and would not have been adjacent to and parallel with one of the alley lines, but would have been located on both sides of such alley line when produced to Twenty-eighth street.     (*Tudor* v. *Rapid Transit Railroad*

*Co.* 154 Ill. 129.)   Upon a re-trial in the circuit court appellee gave in evidence another ordinance, passed by the city council April 7, 1892, amending the former ordinance, and which, so far as material in this case, was and is as follows:

"Sec. 4. The provisions of section 1 of the said ordinance passed March 26, 1888, by which the right of said company to acquire land for its right of way is limited to thirty feet, shall not be held to apply to property through which the alley immediately adjacent to and parallel with which the said company has located its road, as in said section authorized, has not been opened, but in all such cases said company shall acquire, by purchase, condemnation or otherwise, a sufficient width of right of way in addition to the thirty feet in said section limited to afford proper clearance for passing trains from buildings erected upon property abutting upon said right of way; and said additional right of way may be upon either side of the projection of either of the alley lines aforesaid, immediately adjacent to and parallel with which the said location has been made; and whenever, in order to conform with said location, it is necessary to cross said alley, such crossing shall be made with curves of large radius, so as to impede as little as possible the speed of trains."

Appellant objected to the admission in evidence of this ordinance on the ground that it was passed after this condemnation proceeding was begun, and because the right of action given by it, if any, accrued after the filing of the petition herein, but the court overruled the objection and admitted the ordinance in evidence. Upon a verdict of the jury assessing the damages at the same amount assessed upon the first trial the court rendered the judgment from which this appeal was taken.

The only question we think it important to consider under appellant's assignments of error is, whether or not said ordinance of 1892 was admissible in evidence, and

had the effect, as claimed by appellee, to remove the restriction placed upon the company by the first mentioned ordinance in respect to the width and location of its right of way as applicable to the premises here sought to be condemned.

As clearly laid down in the former opinion in this case, aside from the necessity of obtaining the consent of the city to construct its road in or across the public streets, and in the absence of any ordinance providing for the location of the road passed in pursuance of the city charter, appellee would have had the right and power, derived from the statute, to acquire, by purchase, gift or condemnation, the right of way for its road and to construct the same thereon in any part of the city, and would have been confined, in the width of such right of way, only to the statutory limit of one hundred feet. Appellee obtained its power and franchise from the State to condemn appellant's property for its use as right of way, and not from the city, and had the city passed no ordinance, under the provision of its charter,—that is, under the twenty-fifth paragraph of section 1 of article 5 of the general Incorporation law,—there would have been no impediment to the condemnation of the strip of land in controversy. The ordinance restricting the width to thirty feet, and the location to a line immediately adjacent to and parallel with the alley line, while having the force of law which neither appellee nor the courts could disregard, was not incapable of change by the power that made it, with the consent of the company that accepted it. We see no reason why the restriction could not be removed by the same power that imposed it. As well said by counsel for the petitioner, the restriction contained in the first ordinance did not affect the power of the company to condemn the land in question, but only the right of the company to exercise it while the restriction was in force. The city council could neither enlarge nor take away the power conferred on the company by the statute, but could,

by virtue of the other statute,—the act for the incorpo-
ration of cities and villages,—provide for and change the
location, etc., of the road, and thus by ordinance restrict
its exercise within the city limits.    We think the follow-
ing cases are in harmony with these views: *McCartney* v.
*Chicago and Evanston Railroad Co.* 112 Ill. 611; *Chicago and
Western Indiana Railroad Co.* v. *Dunbar,* 100 id. 110; *Belleville*
v. *Citizens' Horse Railway Co.* 152 id. 171; *Metropolitan City
Railway Co.* v. *Chicago West Division Railway Co.* 87 id. 317;
*Chicago City Railway Co.* v. *People,* 73 id. 541.

Counsel for the appellant insist that the ordinance of
April 7, 1892, cannot be held to authorize the taking in
this case, and, using their language, "for three reasons:
First, that it was not passed until after the petition was
filed, and therefore could have no application to the case;
second, that even if it were applicable it does not enlarge
the rights of the company until they have taken what
they were authorized to take under the former ordinance,
and that has proved insufficient; third, that the subse-
quent ordinance, in so far as it relates to the right of
way theretofore located under the former ordinance, is
void."    True, the ordinance, so far as it relates to the
question here at issue, is not a mere license, as it would
be to cross a street, but is a restriction imposed on ap-
pellee as to the location and width of its right of way
within the municipality.    But may not the city change
or remove this restriction?    In so doing it would not au-
thorize the taking of appellant's property.    The statute
authorizes that, and the removal of the restriction merely
allows the statute to have its full operation.    As said in
the former opinion, the courts would have as much au-
thority to ignore the provision of the statute limiting the
width of the right of way to one hundred feet as they
have to ignore the positive restrictions contained in the
ordinance, which, when accepted and acted upon by
appellee, became of the same binding force, so far as
the questions here are concerned, as if contained in the

act of incorporation. But we see nothing inconsistent between what was there said and the views we have expressed on this appeal. When the positive restrictions contained in the ordinance, which, so long as they are in force, are as binding upon the courts as if contained in the act of incorporation, are removed, in whole or in part, no new power is conferred upon the company nor authority upon the courts, but the restrictions which were theretofore as binding upon both while they were in existence, so far as the questions here are concerned, as if contained in the act of incorporation, have simply ceased to exist.

Entertaining these views, we see no reason, in principle, why the ordinance of July, 1892, would not as effectually operate to remove the restrictions imposed by the former ordinance in a case where the petition was filed before its enactment as in a case where it was filed afterward. When the petition in this case was filed, appellee had the right and power, under the statute under which it was incorporated, to condemn the property in question, but was then so restricted in its exercise by the ordinance as that it could not put into operation all of its charter powers and could not then condemn appellant's said strip of land. While the petition was pending this restriction was removed out of the way of the operation of the statute, and when the cause came on for trial appellee had the same right to condemn the property as it had before the restrictions were imposed. The ordinance did not exclude from its operation pending cases. The evidence shows no change in the value of the property, and we are unable to see, even if such a consideration would have any force, how appellant would be injured in her property rights. See *Village of Hyde Park* v. *Borden,* 94 Ill. 26; *Cochran* v. *Village of Park Ridge,* 138 id. 295; *Maywood Co.* v. *Village of Maywood,* 140 id. 216; *Pennsylvania* v. *Wheeling & Belmont Bridge Co.* 18 How. 430.

We cannot agree with counsel that the ordinance of 1892 was *ultra vires* and void. It did not purport to change the act of incorporation, as supposed by counsel.

Appellee, upon cross-errors assigned, insists that the trial court erred in one of its rulings against appellee. After the verdict of the jury was returned appellee presented to the court a draft of a judgment, which included not only the compensation fixed by the jury, but six per cent interest thereon from the date when appellee first went into the occupation of the premises condemned, it appearing that appellee had taken possession and constructed its road upon the premises upon the entry of the former judgment, and had retained possession ever since. The purpose was the commendable one of settling in the one case all damages, including such as grew out of the occupancy by appellee prior to the final judgment. We think, however, that there was no error in refusing to enter such a judgment. When appellee went into the possession of the premises it was so restricted by the ordinance then in force that it could not condemn them, and the court had no power, by a subsequent judgment, to render valid a taking which at the time was invalid, or to arbitrarily determine, without a trial, the measure of appellant's damages caused by such taking and occupation. We do not regard the cases cited by appellee as sustaining its contention. If the appellant, on her behalf, had asked the court to instruct the jury to allow interest upon the amount fixed upon by them as the value of the property taken, from the time when appellee went into possession of the property, it might have been no error against appellee, for while appellee had possession before payment, the measure of appellant's damages could not have been less than the interest upon the value of the property, she being, in any view, entitled to the property or its value. Still, we do not think it was within the province of the court to determine, as a question of law, that her damages because of such premature

and invalid taking could not have been more than the amount of such interest, and, by adding such interest, after verdict, to the value found by the jury and rendering judgment therefor, preclude appellant from recovering such damages in another action.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*