HARRY S. MECARTNEY, Plaintiff in Error, *vs.* THE CITY OF ·CHICAGO, Defendant in Error.

*Opinion filed April 20, 1916—Rehearing denied June 8, 1916.*

1. APPEALS AND ERRORS—*when facts are found by the Appellate Court the same as by the trial court.* Where the trial court in an action at law finds the issues for the plaintiff, and the Appellate Court makes no different finding of facts but reverses the judgment without remanding the cause, the facts are found by the Appellate Court the same as by the trial court.

2. MUNICIPAL CORPORATIONS—*when action on the case will lie for negligence in failing to levy and collect assessment.* An action on the case will lie against a municipal corporation for negligence in failing to levy and collect a special assessment to compensate a land owner for damages sustained by reason of the opening of a street over his property. (*Clayburgh* v. *City of Chicago,* 25 Ill. 535, and *City of Elgin* v. *Eaton,* 83 id. 535, followed.)

3. SAME—*when a city is liable for interest on condemnation award.* Under the constitutional provision that private property shall not be taken for public use, a city which takes possession of private property for a street before the award of compensation to the property owner and continues in such possession thereafter is liable for interest on the award from the date of the judgment.

4. SAME—*property owner not limited to action of mandamus to compel a city to ·levy and collect assessment.* A property owner whose land has been taken by a city for the purpose of widening a street does not occupy the same position as a contractor who has agreed to look to .the proceeds of a special assessment for his pay, and if the city is negligent in failing to levy and collect a special assessment to pay the condemnation award, the property owner is not limited in his remedy to an action of *mandamus* to compel the levy and collection of the assessment.

5. SAME—*what is not a defense to action on the case against city for negligence in failing to levy and collect assessment.* The basis of an action on the case against a city for negligence in failing to levy and collect a special assessment to pay a condemnation award is that it has negligently failed to exhaust its power in that regard and on account of its negligence has incurred a liability, and it is therefore no defense to say that the city has not incurred any general liability because it has not exhausted its power to levy and collect an assessment. (*City of Chicago* v. *Thomasson,* 259 Ill. 322, explained.)

6. SAME—*when property owner cannot recover attorney's fees and costs incurred in former suits.* In an action on the case against a city for negligence in failing to levy and collect a special assessment to pay a condemnation award for property taken by the city for a street, the property owner is not entitled to recover, as damages, the money expended by him for attorney's fees. and costs in former actions against the city to enforce the city's liability, where such former actions were fruitless, for the reason they were not authorized by law.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUT-HILL, Judge, presiding.

ENOCH J. PRICE, for plaintiff in error.

HARRY F. ATWOOD, and HOWARD F. BISHOP, (SAMUEL A. ETTELSON, Corporation Counsel, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On December 13, 1912, the plaintiff in error, Harry S. Mecartney, commenced an action of trespass on the case in the circuit court of Cook county against the defendant in error, the city of Chicago, to recover damages for the alleged negligence of the defendant in error in failing to levy and collect special assessments to pay the compensation awarded in a proceeding to acquire property for use as a street, to him and other owners whose rights he had acquired, which property the defendant in error took possession of and devoted to the uses of a street on September 1, 1893, and of which it had been in possession from that time. The damages alleged were for interest on the awards, and costs, attorneys' fees and expenses in efforts to collect the compensation awarded. The defendant in error filed what was called an answer, and the issues were submitted to the

court without a jury. The court found the issues for the plaintiff in error and entered judgment for $31,208.66 and costs. The defendant in error appealed to the Appellate Court for the First District. That court was of the opinion that the law did not authorize or permit an action of that kind and reversed the judgment. A writ of *certiorari* was granted to bring the record to this court for review.

The declaration alleged that on July 24, 1893, the city council passed an ordinance for the condemnation of land needed for widening South Park avenue from Fifty-fifth street to Fifty-sixth street, to be paid for by special assessment upon the property benefited to the amount that the same might be legally assessed therefor and the remainder to be paid by general taxation; that the plaintiff owned a portion of the land to be taken, and other persons, whose awards he afterward acquired, owned the rest; that on August 29, 1893, a petition for condemnation was filed in the circuit court, and immediately afterward, on September 1, 1893, the defendant, with the consent of the owners, took possession of the land and improved it for street purposes and has been in uninterrupted and undisturbed possession ever since, and that judgments were rendered in the condemnation proceeding in favor of the owners in January and October, 1894, for the total sum of $19,499.88. The defendant was charged with negligence in failing to perform its duty, under the law, to levy and collect special assessments and to pay the amount of compensation awarded. The answer of the defendant, covering more than one hundred pages of the record, contained sixty-two paragraphs, admitting some facts alleged, denying others, alleging as to others that it was not informed and calling for proof, and contained many allegations of fact and the evidence to prove them. Whether or not this was an effort to improve upon the customary method of pleading, the parties went to trial of the issues of fact upon the declaration and answer, and on the trial the facts were not in dispute.

In 1893 South Park avenue was twenty-nine feet wide, and an ordinance was passed for taking thirty-seven feet in width from the adjoining property to make the street sixty-six feet wide, and a petition was filed for the condemnation of the land required. The World's Fair was then in progress and the avenue connected with what was called the Midway, which was a part of the exposition. Upon the filing of the petition for condemnation, the city, with the consent of the owners, took possession of the land, put in a sewer and paved and otherwise improved it as a street, and has remained in possession and had the use of the property ever since. Various proceedings were instituted for the levy of special assessments on the remainder of the property of the plaintiff and the other owners, and on other property, to raise the amount necessary to pay the compensation. It is not necessary to repeat the history of those proceedings, which were before the court and were stated in *City of Chicago* v. *Thomasson,* 259 Ill. 322, where the conclusion of the court, so far as this case is concerned, was expressed as follows: "That the city has failed to exercise due diligence in proceeding to collect assessments with which to pay for the damages done in the taking of this property cannot be denied. For years at a time no steps were taken or attempted to be taken in this proceeding." Not only was that the conclusion of this court but the fact is not open to review on this writ of error. The trial court found the issues for the plaintiff and the Appellate Court made no different finding of facts. The statute provides that if any final determination of any cause shall be made by the Appellate Court as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the trial court, the Appellate Court must recite in its judgment the facts as found. The facts, therefore, were found by the Appellate Court the same as in the trial court and the reversal was not for any error occurring on the trial, which might have been cured upon

another trial, since the Appellate Court, in that case, would have remanded the cause for another trial for the correction of any such error. The facts were found in the Appellate Court the same as in the trial court but the judgment was reversed on the ground that the action would not lie.

The question whether an action on the case will lie for negligence in failing to levy and collect an assessment to compensate a land owner for damages sustained by reason of opening a street over his lot was determined in the case of *Clayburgh* v. *City of Chicago,* 25 Ill. 535. That was an action on the case for such negligence and the trial court sustained a demurrer to the declaration. In reversing the judgment this court said: "In this case the law has imposed the duty upon the city, where they have appropriated private property for the use of the city in widening or extending streets, to have the damages assessed, and to have the benefits resulting to others from the improvement also assessed, and collected, and compensation made for the damage sustained. This duty is clearly imposed, and the declaration avers that plaintiff's property was appropriated, his damages ascertained and allowed, but that the city, although they have had the benefits resulting to others from this improvement assessed, have wholly neglected and willfully refused to cause the assessments to be collected. Here a duty to the plaintiff is averred and a willful refusal to perform that duty. This, we think, brings this case clearly within the rule established by the adjudged cases, and presents a case, if sustained by the evidence, entitling the plaintiff to a recovery." That decision, rendered in 1861, has never been overruled or questioned in any similar case. It was cited and the same principle applied in the case of *City of Elgin* v. *Eaton,* 83 Ill. 535. The city, in changing the grade of a street, damaged the plaintiff's property. The city failed to have the damages ascertained under the Eminent Domain law and provide the means to pay the same and the plaintiff sued the city in an action on the case. This

court said that failing to provide compensation for the damages was an omission of duty which rendered the city liable in the action.   The decision in *Winkelman* v. *City of Chicago,* 213 Ill. 360, was based on the same doctrine that a city becomes liable for a failure to perform its duty in respect to the condemnation of property.   In that case a petition for condemnation was filed and there was a delay of five years in bringing the cause to trial and the city abandoned the proceeding after judgment.   The court held that for such conduct the city became liable to the owner of the land for the damages occasioned by the wrongful act. There has never been an adjudication in any of the cases which have been before the court concerning the subject matter of this suit, that an action on the case cannot be maintained for the negligent failure to discharge the duty of levying and collecting assessments, but, on the contrary, it has long been settled that such an action will lie.

The next question relates to the amount of damages that may be recovered, and that is not a question which is affected in any manner by the form of action.   The constitution provides that private property shall not be taken for public use without just compensation, and the question whether that provision required the payment of interest from the time that possession is taken for the public use has often been before the courts with uniform results.   The correct rule was stated in *Appleton Water-Works Co.* v. *Railroad Commission,* 154 Wis. 121, (Ann. Cas. 1915*b,* 1160,) where the court said: "Just compensation for property presently taken must necessarily mean its present value presently paid.   It cannot mean its present value to be paid two years in the future without interest.   If payment is not to accompany the taking but is to be postponed to a later period it must certainly be upon the payment of interest for the deferred period."

In *Illinois and St. Louis Railroad Co.* v. *McClintock,* 68 Ill. 296, it was held that an award condemning lands

for right of way under the act of 1852 bore interest where possession of the property condemned was taken and retained by the applicant for condemnation, and the court said that the question was settled in the case of *Cook* v. *South Park Comrs.* 61 Ill. 115.

In *City of Chicago* v. *Barbian,* 80 Ill. 482, it was held that the party seeking condemnation acquires no vested right until payment of the compensation, and the property owner has no vested right in the damages until the same are paid or deposited, and where the property condemned has not been taken the award will not bear interest, but if by the owner's consent, expressed or implied, the property is taken before compensation is made the judgment will bear interest.

*City of Chicago* v. *Palmer,* 93 Ill. 125, was an action in assumpsit upon an award of damages in a proceeding to condemn lands to widen State street. Compensation was awarded in 1870 and the city took possession of the property as early as 1872. This court said that the only question made was whether the trial court could rightfully include in the judgment interest on the award, and there was no question about the right to maintain an action of assumpsit. The court cited the three cases above mentioned and held that interest was properly allowed on the amount of the award.

In *Beveridge* v. *West Chicago Park Comrs.* 100 Ill. 75, it was held that where a judgment condemning property has been entered and the land appropriated to the use of the public by taking possession of it the judgment will draw interest. In that case the park commissioners did not take actual possession of the land, which was vacant, unimproved and unoccupied, but the plaintiff was deprived of all beneficial use of it. The court said there could not be the slightest pretense that the commissioners had the power to oppress plaintiff by postponing payment indefinitely and thus deprive him of all beneficial use of his property and of his

money.   The law required them to pay him, and it was held that the owner had a right to recover interest.

In *Tudor* v. *South Side Rapid Transit Railroad Co.* 164 Ill. 73, there had been a judgment in a proceeding to condemn lands at a time when the company could not condemn because a city ordinance had limited the width of its right of way.   Another ordinance was passed removing the restriction, and upon the second trial the company presented to the court a draft of a judgment for the compensation fixed by the jury and six per cent interest from the time when the company went into the occupation of the premises. The company had taken possession and constructed the road upon the entry of the first judgment and the court refused to enter the judgment.   This court said that if the owner had asked the court to instruct the jury to allow interest it might have been no error against the company; that the company having had possession before payment, the measure of the owner's damages could not have been less than the interest upon the value of the property from the time possession was taken, but that the damages might have exceeded the interest, and the judgment would have precluded the owner from recovering further damages in another action.

In *Moll* v. *Sanitary District*, 228 Ill. 633, it was again held that the property owner is entitled to interest upon the full value of his property in a condemnation proceeding, where the defendant had possession, from the time possession was taken.   It was said that the just compensation required by the constitution and statute included not only the value of the property at the time of the filing of the petition but the use of the property from· the time petitioner took possession, measured by interest from that time on the value of the property, but the owner could not maintain a separate action for interest on the value of the property prior to the judgment in condemnation in which it should be included.   In *Geohegan* v. *Union Elevated Railroad Co.*

266 Ill. 482, it was said that interest is allowed on judgments in condemnation proceedings, when final, because then the amount of damages is considered fixed or liquidated. The measure of damages included interest from the respective dates of the judgments in the condemnation proceedings, and in this case interest was allowed only from such dates.

In the elaborate and exhaustive argument of counsel for the defendant in error it is contended that the only remedy of the plaintiff was by *mandamus* to compel the defendant to proceed to perform its duty. The plaintiff might have filed his petition for a writ of *mandamus* if he preferred that method of enforcing his right, but the argument that the remedy by *mandamus* was exclusive is answered by what was said in *Beveridge* v. *West Chicago Park Comrs. supra,* as follows: "But it is said plaintiff in error could have resorted to *mandamus* to compel payment. This is an admission that the commissioners were neglecting a plain legal duty, as that writ lies to enforce no other. Can plaintiff in error be answered by saying, we were acting in palpable violation of our duty, but we are not liable to make compensation for the wrong because you did not resort to legal proceedings to compel us to discharge a plain duty? Surely that can be no answer to the claim of plaintiff in error."

Cases relied upon by counsel where a contractor, by statute or contract, is to look alone to special assessments for his pay are not applicable to this case. In those cases the remedy is by *mandamus* because the contractor has agreed to accept what he could get from special assessments, but the owner of property is under no obligation, by contract or otherwise, to accept for his property the amount realized by a special assessment whenever the city may choose to give it to him, either voluntarily or under the compulsion of a writ of *mandamus.*

The proposition that the right to an action of tort was not assigned to the plaintiff by the other property owners is unsound, because there was no assignment of such a right but an assignment of judgments, and the plaintiff is entitled to the awards, with interest, if they bear interest.

The claim that the city had not incurred any general liability because it had not exhausted its power to levy and collect special assessments cannot be sustained, because the very basis and foundation of the action is that the city negligently failed to exhaust such power and on account of its negligence has incurred the liability.

The decision in *City of Chicago* v. *Thomasson, supra,* that although the city acquired a vested right in the property and the owners a vested right in the compensation by the act of taking possession with the consent of the owners, yet the manner in which the payment of the compensation should be made was not changed and there was no jurisdiction in the statutory proceeding to enter an absolute judgment against the city for the amount of the awards, does not touch in any manner whatever either the question of the liability of the city for negligence in failing to perform its duty under the statute or the question whether the plaintiff would be entitled to interest from the time possession was taken.

The declaration claimed as part of the damages a large sum of money expended for costs and attorneys' fees and other expenses in attempting to collect the awards and in commencing and prosecuting suits to collect them. The evidence showed that the plaintiff had paid out $4538 for costs and attorneys' fees in the prosecution of suits against the city to recover the money due him, and by the sixth proposition of law the trial court held that the plaintiff's disbursements for expenses and attorneys' fees properly incurred in attempting to enforce the city's liability were proper elements of damage in the case. This was error, if for no other reason, because the costs and expenses were incurred

in prosecutions which were fruitless because not authorized by the law.  ·

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*