People of the State of Illinois ex rel. Arthur E. Claussen et al., Appellants, v. City of Chicago et al., Appellees.

Gen. No. 41,902.

Opinion filed January 19, 1942.

JAMES J. GLASSNER, EINAR HOWARD, EDWIN HAMILTON and CLARENCE HORTSMAN, all of Chicago, for appellants.

Richard S. Folsom, of Chicago, for certain appellees; Frank S. Righeimer, Frank R. Schneberger and H. Meyer Simborg, all of Chicago, of counsel.

Barnet Hodes, Corporation Counsel, for certain other appellees; James A. Velde and J. Herzl Segal, Assistant Corporation Counsel, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

Relators appeal from an order striking their petition for mandamus and dismissing their suit. The prayer of the petition was that proper officials of the Board of Education, the City of Chicago and Cook county be required to issue a voucher and checks for their benefit in the total amount of $519,301.55 with interest.

The petition shows by facts set up in detail relators were the owners of premises (subdivided for apartments) in Chicago which the Board of Education by resolution decided to appropriate for school and playground purposes. To that end the board filed a petition in the circuit court of Cook county under the Eminent Domain Act on July 16, 1930; on July 16, 1931, the board procured a judgment that the school board pay to relators the sum of $370,797.51 with costs and interest as damages for taking their property. Pending the proceeding the board, both before and after the judgment of July 16, 1931, committed acts which amounted to taking possession of the premises; the premises were permanently damaged by its acts, and these things were done with the acquiescence of relators, the owners. The acts are stated in detail and it is unnecessary to restate. We assume the acts as recited amounted to the exercise of dominion over the premises as the petition avers.

The judgment entered directed the Board of Education to pay within 90 days compensation as fixed by

the judgment order. The board did not and has not paid. On March 4, 1932, the board procured the entry of an order vacating the judgment for compensation, and certain of the defendants thereupon filed their petition under section 10 of the Eminent Domain Act [Jones Ill. Stats. Ann. 109.255] to obtain payment (not of the judgment for compensation) but for costs, expenses and attorneys' fees as provided by that act. In this proceeding on October 3, 1932, they obtained judgments in their favor in the aggregate amount of $17,000, which have been paid in full.

This petition to compel by writ of mandamus payment of the judgment entered July 16, 1931, was filed September 8, 1939. Prior thereto on July 28 of the same year, the circuit court entered an order setting aside the order of March 4, 1932.

We are not aware of any theory upon which mandamus would lie to compel the payment of this judgment under the circumstances related. The proceeding to condemn was under the Eminent Domain Act and not under the Local Improvement Act. The difference between judgments entered under these statutes is fundamental and fully explained in *Rieker v. City of Danville*, 204 Ill. 191. The essential difference is that under the Local Improvement Act after the return of the verdict the petitioner is required within 90 days to elect whether a final judgment shall be entered or the proceeding dismissed, while under the Eminent Domain Act there is no such provision the statute providing that the right to enter shall be conditional upon the payment of the amount of compensation fixed by the verdict of the jury. Under the Local Improvement Act the judgment entered upon election of the petitioner is final and of the same nature as any other judgment for the payment of money. The judgment under the Eminent Domain Act is purely conditional in its nature. Under that act the petitioner may enter only upon the payment of the compensation. There is

no authority in the statute to enter final judgment against a petitioner who refuses to pay. The court may in its discretion dismiss the suit upon failure to pay and may assess damages as provided by the statute, but the judgment entered is purely conditional. The brief for petitioner indicates the distinction between these two kinds of judgments has not been kept in mind.

In support of its contention that mandamus will lie relators cite *City of Chicago v. Thomasson,* 259 Ill. 322; *People ex rel. Euziere v. Rice,* 356 Ill. 373; *People ex rel. Farwell Co. v. Kelly,* 361 Ill. 54; *People ex rel. First Nat. Bank of Blue Island v. Kingery,* 369 Ill. 289. No one of these cases (understandingly read) is authority for their contention. All of them with the exception of the *Thomasson* case are actions in mandamus to compel the payment of a final unconditional judgment due and unpaid.

Petitioners say the *Thomasson* case is identical with the case at bar. They are mistaken. The case is not even analogous. The city in the *Thomasson* case filed condemnation proceedings to condemn certain lots for the improvement of a street. Afterwards with the consent of the owners it took possession and completed the improvement. The ordinance authorizing the condemnation suit provided the improvement should be paid for in part by assessment to be levied on the property benefited and the remainder by general taxation. The assessment was levied and the amount collected thereon paid on the judgments. Thomasson filed a petition in the condemnation suit asking for an unconditional judgment for the amount of the compensation for taking his property with interest from the date of taking possession. His petition was dismissed. The order of dismissal on appeal to this court was affirmed. On further appeal to the Supreme Court the judgments of this and the trial court were affirmed. There was no abandonment of the proceeding to con-

demn in that case as there was in this, nor order vacating the condemnation judgment. The case instead of being for relators is against them.

We assume a taking possession and damaging of relators' property as averred in their petition, but the cases are numerous in this State holding that such taking pending a proceeding to condemn under the Eminent Domain Act does not give the owner a right to compel the condemnor to proceed with his suit if he sees fit to abandon it (*Chicago, St. L. & W. R. Co. v. Gates,* 120 Ill. 86), and that a condemnor is not precluded from abandonment by the fact that he has appropriated relators' land where the appropriation would not vest title (*People ex rel. Carofiglio v. Gill,* 291 Ill. App. 143). It may well be that such a taker might be liable in trespass. The plaintiffs cite authorities to the effect that the constitutional provisions against taking or damaging private property for public use without just compensation are self-executing. This is the law as many cases cited hold. (*Mecartney v. City of Chicago,* 273 Ill. 276.) It by no means follows that in the first instance mandamus is the appropriate remedy. The judgment will be affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.