THE NATIONAL BANK OF LACROSSE

*v.*

ERICK G. PETTERSON, Admr. *et al.*

<span style="float:right">200   215<br>200  ²533</span>

*Opinion filed December 16, 1902.*

1. BONDS—*improvement bonds are not negotiable.* Bonds issued under section 86 of the Improvement act of 1897, to anticipate installments of a special assessment, are not negotiable, in the sense that a purchaser thereof is invested with any right superior to that of the contractor to whom the bonds were issued.

2. MECHANICS' LIENS—*sub-contractor's lien upon bonds is enforceable in a court of equity.* The lien created by section 24 of the Mechanic's Lien act of 1895 in favor of persons furnishing labor or material to a public contractor upon the money, bonds or vouchers due such contractor, may be enforced in a court of equity.

3. SAME—*effect of provision of section 24 giving right of action on official bond.* The provision of section 24 of the Mechanic's Lien act of 1895, giving lienholders an action on the official bond of any municipal officer failing to withhold money, bonds or warrants after notice, is not a remedy for enforcing the lien, nor does it deprive the party of his right to proceed by a bill in equity.

4. SAME—*lien may be enforced against purchaser of bonds.* If a person entitled to a lien under section 24 of the Mechanic's Lien act gives due notice to the municipal authorities of his claim, but such authorities, through inadvertence, deliver the bonds to the contractor in disregard of such notice, the lien may be enforced as against one who purchased the bonds from the contractor.

*National Bank of LaCrosse v. Petterson,* 102 Ill. App. 501, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

ORVILLE PECKHAM, for appellant.

FRANCIS M. LOWES, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery, filed in the circuit court of Cook county by August Erickson, now deceased, appellee Petterson's intestate, to enforce the lien given by section 24 of the act entitled "An act to revise the law in relation to mechanics' liens," approved June 26, 1895. (2 Starr & Cur. Stat. 1896, p. 2572.) Appellees H. W. Valentine & Son were defendants to the bill, and by cross-petition alleged they were also entitled to a lien for an amount therein stated, and asked for the establishment of their lien. The circuit court granted the prayer of the petition and also of the cross-petition, and the decree was affirmed by the Appellate Court for the First District, on appeal.

Said section 24 is as follows: "Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor for a public improvement in this State, shall have a lien on the money, bonds or warrants due or to become due such contractor for such improvement: *Provided,* such person shall, before any payment or delivery thereof is made to such contractor, notify the officials of this State, county, township, city or municipality whose duty it is to pay such contractor of his claim by a written notice and the full particulars thereof. It shall be the duty of such official so notified to withhold a sufficient amount to pay such claim until it is admitted, or by law established, and thereupon to pay the amount thereof to such person, and such payment shall be a credit on the contract price to be paid to such contractor. Any officer violating the duty hereby imposed upon him shall be liable on his official bond to the person serving such notice for the damages resulting from such violation, which may be recovered in an action at law in any

court of competent jurisdiction. There shall be no pref-
erence between the persons serving such notice, but all
shall be paid *pro rata* in proportion to the amount due
under their respective contracts."

On April 30, 1897, John V. McAdam & Son entered
into a contract with the city of Chicago to construct the
improvement of what was designated in said contract as
the "twenty-sixth system of streets." On or about the
same date McAdam & Son bought of August Erickson,
appellee Petterson's intestate, certain materials for use
in carrying out said contract, and the same were so used,
whereby McAdam & Son became indebted to Erickson in
the sum of $1344.42, as found in the decree, and failed to
pay the same, whereupon Erickson, on December 7, 1897,
in writing, notified the city comptroller and the com-
missioner of public works of said city of Chicago of his
claim, giving full particulars thereof. McAdam & Son
also became indebted to appellees Valentine & Son in
the sum of $616.74 for work done and material furnished
under the contract with the city aforesaid, and, a part
of their claim remaining unpaid, Valentine & Son gave
a like notice to the city officials, which notice also was
in due form and entitled Valentine & Son to the benefit
of the statute in question. The decree finds that these
notices "remained on file" in the comptroller's office after
they were given. Counsel for appellant says: "No ques-
tion is made upon the form of the notices, and it is admit-
ted that the same were given to the proper officers of the
city, and were so given *before* the city had delivered to
the contractors the bonds thereinafter mentioned or had
otherwise settled with them. In other words, it is ad-
mitted that Erickson did all that was necessary on his
part to entitle him to the benefit of section 24 of the
Mechanic's Lien act, above set out."

The improvement was to be paid for by special as-
sessments, to be levied in five installments, against the
last four of which installments the city issued improve-

ment bonds or vouchers under the provisions of section 86 of chapter 24. (Starr & Cur. Supplemental Stat. 1902, p. 198.) These bonds or vouchers were not negotiable, and had no effect to invest the appellant with any right superior to that of the contractor to whom they were issued. (Sections 88, 89 and 90 of said chapter 24.) The bonds, in obedience to said section 24, and the notice given in pursuance thereof, should have been retained by the city officials as subject to the liens in favor of the appellees, but by some inadvertence such officials violated the duty imposed upon them by said section 24 and delivered the bonds or vouchers to the contractor. The contractor sold the bonds and the appellant bank purchased from the purchaser.

Said section 24 provides that any officer who shall fail to withhold a sufficient amount to pay claims for which written notice had been given him as required by the section, shall be liable on his official bond to the person serving such notice, for the damages resulting from such failure, which damages may be recovered in an action at law in any court having competent jurisdiction. The contention of the appellant in the court below was and in this court is, that said section 24 creates a right which did not before exist, and provides a remedy for the enforcement of the right by an action at law on the official bond of the officer who has failed to comply with his duty under the section, and that, according to a familiar rule of statutory construction, the remedy so provided is exclusive, and that a negation of any other remedy is conclusively implied. The error of this position is, that said section 24 does not provide a remedy for the enforcement of the lien which is created by the provisions of the section. The provisions of sections 9, 25 and 29 of the Lien act, and other sections of the act relating to the remedies for the enforcement of liens, do not apply to the lien created by section 24 of said act, but only to the enforcement of liens against real estate. Section 24

creates the right to a lien, provides the method by which a lien may be established, but does not attempt to provide any remedy for the enforcement of the lien.   Liens established by statute may be enforced by bill in chancery if the statute has provided no other remedy.   *Cairo and Vincennes Railroad Co.* v. *Fackney*, 78 Ill. 116; 19 Am. & Eng. Ency. of Law, (2d ed.) 35.

The ordinary actions at law furnish no remedy for the enforcement of the lien given by this statute.   Compliance with the provisions of the statute in question upon the part of the person seeking the lien entitles such person to the lien, and the officers of a city or municipality cannot deprive such person of the benefit of his lien by failing to withhold the bonds or vouchers.   The bonds or vouchers, as we have seen, are not negotiable, hence the purchaser must take them subject to the lien.   The provisions of the section giving the party entitled to the lien a right of action at law against the official for failing to withhold any money or bonds or warrants after having been legally notified so to do, do not provide a remedy for the enforcement of the lien nor deprive the party entitled to a lien of the right to enforce the same in a court of equity.   The action at law against the officer is cumulative, merely, and not exclusive.   When the objects of said section are considered it is manifest it was the legislative intent to create a lien which might be enforced by a court of equity, and not to create a duty on the part of the officials of the State, counties, cities, etc., sanctioned only by a particular penalty.   Therefore, the remedy for a breach of official duty is not exclusive, but cumulative.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*