## County of Coles et al. v. Haynes & Lyons et al.

1. MECHANIC'S LIEN—*what does not affect right to, under section 24 of act.* The right to a lien is not affected by virtue of a contractor associating others with himself in the performance of the work which he undertakes.

2. MECHANIC'S LIEN—*what essential to recover under section 24.* In order to recover under this section of the Mechanic's Lien Act, it is not necessary that the subcontractor shall have had a contract with the contractor; it is sufficient if such subcontractor shall have furnished material to the contractor for the public improvement involved.

3. MECHANIC'S LIEN ACT—*when notice served under section 24 not too late.* A notice served under section 24 of the Mechanic's Lien Act is not too late, notwithstanding all the county orders upon the work had been issued, if such county orders were not valid and did not constitute a payment.

4. MECHANIC'S LIEN ACT—*what sufficient service of notice under section 24.* Held, that the service of notice under section 24 of the Mechanic's Lien Act upon the county clerk and county treasurer of the county in question, was sufficient.

5. MECHANIC'S LIEN ACT—*what does not affect rights of subcontractor under section 24.* The rights of a subcontractor under section 24 are not affected by the fact that he has filed his claim against the estate in bankruptcy of the original contractor and has received dividends upon such claim.

6. MECHANIC'S LIEN ACT—*relation of section 24 to act in entirety.* While the several sections of the Mechanic's Lien Act of 1895 should be construed together insofar as they are applicable to the particular lien asserted, it does not follow that each and every section of the act is applicable and controlling in every case. The steps necessary to be taken to establish a lien under section 24 are prescribed in that section, and the requirements of other sections relating to liens on real estate are not applicable to liens asserted under section 24.

7. APPLICATION OF PAYMENTS—*how made where parties have not determined.* Where the parties have not determined how payments shall be applied, a court of equity will apply payments upon that claim for which no lien exists rather than upon a claim for which the creditor has a lien.

8. INTEREST—*when refusal to allow, not improper.* Refusal to allow interest upon payments due but not made under certain contracts is not improper where the abstract does not contain the contract in question and does not show the due dates of the payments involved.

Mechanic's lien proceeding. Appeal from the Circuit Court of Coles county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

EDWARD C. and JAMES W. CRAIG, JR., CRAIG & KINZEL, and JOHN McNUTT, JR., for appellants.

H. A. NEAL and J. H. MARSHALL, for appellees; KERTJOHN & KERTJOHN, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This suit was instituted by Haynes & Lyons, the Marion Brick Works, the Russell & Irwin Manufacturing Company, The Advance Electric Company, Fannie H. Pierce, trading as the Marbelithic Company, the Christopher & Simpson Architectural Iron and Foundry Company, the A. E. Pollhans Clock Company and the Moore-Gabbert Company, appellees, against the County of Coles, S. S. Goehring and R. R. Fuller, to enforce a mechanic's lien against the money due from said County of Coles to said Goehring for the construction and repair of a court house in said Coles county.

Appellants, the First National Bank of Youngstown, Ohio, the First National Bank of Madison, Wisconsin, the National Exchange Bank of Steubenville, Ohio, the Wick National Bank of Youngstown, Ohio, The Dollar Savings & Trust Company, the Central National Bank of Greencastle, Indiana, the Citizens Savings Bank & Trust Company of St. Johnsbury, Vt., and W. R. Patton and E. R. Hutton, executors of the estate of Jacob K. Decker, deceased, having obtained leave therefor, filed their intervening petition in said cause, denying the right of appellees to ·mechanics' liens, and claiming the fund upon which such liens were asserted. After answer filed by the County of Coles to the bill for mechanics' lien, and the answer of the several lien claimants to the intervening petition,

the cause was heard by the chancellor and a decree entered enforcing such liens.

The material facts involved are not in controversy, and are substantially as follows:

September 20, 1898, the County of Coles entered into a contract with Samuel S. Goehring for the construction and repair of a court house, for the sum of $85,727. The contract provided that the work should be completed within one year, and that payment therefor should be made monthly on the basis of 85 per cent. of the value of the labor performed and the materials in place in the building, as estimated by the architect, in interest-bearing county orders, bearing seven per cent. interest per annum, from date thereof, the balance in like interest-bearing county orders upon the completion and acceptance of the building. The evidence tends to show that prior to and at the time of the making of said contract, one Ross R. Fuller had agreed with said Goehring to unite with him in performing said contract, and that on September 29, 1898, said Goehring and Fuller entered into written articles of co-partnership whereby they became equal partners in the performance of said contract.

November 10, 1898, Goehring addressed a communication to the board of supervisors of Coles county, asking that the name of Ross R. Fuller be added to the contract, making the name of the contractors Goehring & Fuller, and that they be allowed to give a good and sufficient joint bond, upon the execution of which the bond given by Goehring be surrendered. This request was denied.

Work under the contract was commenced by Goehring & Fuller, September 29, 1898, and continued until February 15, 1899, when the firm of Goehring & Fuller was dissolved, and thereafter until September 7, 1900, when the work was completed and the building accepted by the board of supervisors, the contract was executed by Fuller as the surviving partner of Goehring & Fuller.

From time to time, as material was furnished and work performed under the contract, the county orders provided for therein were issued to Goehring and negotiated by Goehring & Fuller, or Ross R. Fuller at par or at a premium to the several intervening petitioners, appellants, and upon the completion of the contract, the balance of such county orders were issued in like manner and negotiated to said appellants. All of the proceeds of the county orders so negotiated to appellants was expended in payment for labor and material under the contract.

The contracts for labor and material of the several appellees claiming liens therefor, were made by them as follows: The Russell & Erwin Manufacturing Company, the Marion Brick Works, the Advance Electric Company and Fannie H. Pierce, trading as the Marbelithic Co., with Goehring & Fuller; the Christopher & Sampson Architectural Iron & Foundry Company, with Samuel S. Goehring, by the name of Goehring & McLean; the Moore-Gabbert Company, as assignee of a contract between the Huff Bros. Lumber & Planing Mill Co., and Goehring & Fuller; Haynes & Lyons and the Pollhans Clock Co., with Ross R. Fuller.

After the completion of the contract for the construction and repair of the court house, Ross R. Fuller was adjudged a bankrupt in the United States District Court for the Southern District of Illinois, and the several lien claimants, appellees herein, except Moore-Gabbert Co., proved their claims against his estate and received final dividends thereon.

The County of Coles having made default in the payment of county orders issued by it under the contract for the construction and repair of the court house, a suit in *assumpsit* was instituted against it in the name of Samuel S. Goehring for the use of the intervening petitioners, to recover the amount due under said contract for work done and material furnished, and on April 12, 1902, judgment was rendered against the county, for $82,004.62, which judgment

was, on error by the County of Coles, affirmed by the Supreme Court (County of Coles v. Goehring, 209 Ill. 142).

Before the payment to the intervening petitioners by the County of Coles of any part of said judgment, the several lien claimants served written notices on the county clerk and county treasurer of said county, specifying the kind, amount and price of the materials furnished them; that said materials were furnished to the contractor and were used in the construction of the said court house, and the amount due and unpaid to them, respectively.

Appellees predicate their right to a lien upon the provisions of section 24 of the Mechanic's Lien Act of 1895, which is as follows:

"Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor for a public improvement in this state, shall have a lien on the money, bonds or warrants due or to become due such contractor for such improvement: Provided, such person shall before any payment or delivery thereof is made to such contractor, notify the officials of the state, county, township, city or municipality whose duty it is to pay such contractor of his claim by a written notice and the full particulars thereof. It shall be the duty of such official so notified to withhold a sufficient amount to pay such claim until it is admitted or by law established, and thereupon to pay the amount thereof to such person, and such payment shall be a credit on the contract price to be paid to such contractor. Any officer violating the duty hereby imposed upon him shall be liable upon his official bond to the person serving such notice for the damages resulting from such violation, which may be recovered in an action at law in any court of competent jurisdiction. There shall be no preference between the persons serving such notice, but all shall be paid *pro rata* in proportion to the amount due under their respective contracts."

It is urged that appellees are not entitled to a lien because the contracts under which they furnished material for the improvement were not made with Samuel S. Goehring, the original contractor, but with Goehring & McLean, Goehring & Fuller, and Ross R. Fuller. It is not controverted by appellants that the work was in fact done by Goehring & Fuller and by Ross R. Fuller, as the surviving partner of Goehring & Fuller, and that the material for which liens are claimed was furnished to said parties by appellees and was actually used in the improvement, except as to a portion of the claim of the Marion Brick Works, to which reference is hereafter made. True, the County of Coles refused to accept the joint bond of Goehring & Fuller in lieu of the individual bond of Samuel S. Goehring to whom the contract was awarded, but this action on the part of the county did not operate to prevent Goehring from associating Fuller with him as a partner, in the performance of the work under the contract. Section 23 of the Act of 1895 expressly recognizes the right of an original contractor to associate with him one or more persons as partners or joint contractors in carrying out the contract, and provides that the lien of the subcontractor for material furnished to such contractor and his associates shall continue the same as if the subcontract had been made with all of the parties.

The entire work was done under the contract made with Goehring and the materials furnished by the several lien claimants were furnished in furtherance of that contract and to the person or persons actually engaged in the performance of that contract. We are clearly of the opinion that the firm of Goehring & Fuller, and Ross R. Fuller, as the surviving partner of that firm, were, respectively, the contractors and contractor within the meaning of the statute creating the lien, and that the materials furnished by the several lien claimants to said Goehring & Fuller and Ross R. Fuller, were furnished to the contractor within the meaning of that statute.

It is next insisted that as the notices for liens by the several lien claimants were not served upon the County of Coles until after all of the county orders had been issued to Goehring, no liens attached. The statute authorizing a lien upon the money, bonds or warrants due or to become due to the contractor requires the lien claimant, before any payment or delivery of such money, bonds or warrants is made, to notify the officials whose duty it is to pay such contractor, of his claim by a written notice. If the liens here involved were asserted against valid county orders issued by the County of Coles to the contractor, there would be some force in appellants' insistence, but the county orders so issued were worthless and void as declared by the judgment of the court in County of Coles v. Goehring, *supra*. They did not constitute a payment by the county to the contractor, and no lien could attach against them. In the case cited, plaintiff in error, the County of Coles, set up the fact that appellees here had served notices of liens against the orders, or money due the contractor, and it was said: "So far as the warrants or orders are concerned, the liens can be of no avail, inasmuch as such warrants or orders are here held to have been invalid. This suit is brought for the purpose of determining whether the county is liable to pay to the contractor for the benefit of the usees the money due by the terms of the contract. The filing of the claims for these liens cannot prevent defendant in error from obtaining judgment. A different question may arise when the time comes for the county to pay the money due upon the judgments. These claimants of liens, even if the defendant in error is indebted to them, would obtain nothing if the defendant in error should not be successful in this litigation. In other words, the success of the defendant in error in this litigation is for the benefit of the claimants of liens. The question here is whether the county owes money to the defendant in error, and not whether the county owes

money to the lien claimants. The latter have no direct claim against the county. Their only claim is a lien upon the money that is to be paid to the defendant in error, and if the amount of the lien claims were deducted from the amount of the judgment, and the claimants should enforce their liens against the money that would be coming to the defendant in error on his judgment, defendant in error would be obliged to pay double the amount of the liens.''

If appellees are entitled to liens such liens attached against the money which the county is liable to pay Goehring for the benefit of the usees, appellants here, and the notices of liens having been served before any portion of said money was paid by the county, such notices were in apt time.

The notices were served upon the county clerk and county treasurer, and it is urged that such service was not a compliance with the statute which requires the notice to be served upon the officials whose duty it is to pay the contractor. The contention is that in order to comply with the statute the notices should have been served upon 'each member of the board of supervisors of Coles county.

By force of the statute the duty of issuing orders for the payment of money due from the county is imposed upon the county clerk, and the duty of paying such orders when issued is imposed upon the county treasurer. We have no doubt but that service of the notices for liens upon these two officials was a full compliance with the statute. Furthermore, the notices were actually brought to the attention of the board of supervisors of Coles county, and were set up by that county in the suit against it by Goehring for the use of the intervening petitioners, appellants here, as establishing liens against the amount of the contract price sought to be recovered.

It is further urged on behalf of appellants that appellees by having their claims allowed as unsecured creditors of the estate of Ross R. Fuller, bankrupt,

relinquished their liens, if they ever had any, and are now estopped from asserting such liens.

Section 1 of the National Bankruptcy Act defines a secured creditor, thus: " 'Secured Creditor' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this act, or who owns such a debt for which some endorser, surety or other persons secondarily liable for the bankrupt has such security upon the bankrupt's assets." Ross R. Fuller had no property right in the money which the County of Coles was held liable to pay to appellants, the intervening petitioners, and the claim, therefore, was not an asset of his estate. Appellees having no security by virtue of a lien upon the property of Fuller, were not secured creditors of his within the meaning of the Act, and they properly filed their claims against his estate, as unsecured creditors.

Appellees were not parties to the negotiation by Goehring of the invalid county orders to appellants, nor is it apparent that appellees did anything which should operate to estop them from asserting their claims to liens. Certainly appellants should not be heard to object that appellees received dividends from the assets of Fuller, in which assets appellants had no possible interest when the dividends so received inured to the benefit of appellants in the reduction, to the extent of such dividends, of the amount of appellees' claims for liens.

While the several sections of the Mechanic's Lien Act of 1895 should be construed together in so far as they are applicable to the particular lien asserted, it does not follow that each and every section of the Act is applicable and controlling in every case. The steps necessary to be taken to establish a lien under section 24 here involved, are prescribed in that section, and the requirements of other sections relating to liens on real estate are not applicable to the case at bar. National Bank of La Crosse v. Petterson, 200 Ill. 215.

Section 9 of the Act provides that any two or more persons having liens on the same property may join in bringing suit, setting forth their respective rights in their bill or petition. The several lien claimants, appellees, were properly joined in this proceeding to enforce liens, and the bill is not objectionable as being multifarious.

Of the brick furnished to the contractor by appellee, the Marion Brick Works, 100,000 were not used in the construction and repair of the court house, but were sold by the contractor prior to December, 1899, to one Miller for use elsewhere in the performance of an independent contract.

It is conceded that as to the contract price of brick sold by the contractor to Miller, the Marion Brick Works is not entitled to enforce a lien. It appears, however, that if the payments made by Fuller to the Marion Brick Works be applied upon the price of the brick which were subsequently sold by Fuller to Miller, the balance remaining due to the Marion Brick Works will be for brick which actually went into the construction and repair of the court house. No specific application of the several payments was made by the parties, and in such case a court of equity will apply the payments upon the claim for which no lien exists rather than upon a claim for which the creditor has a lien. Barbee v. Morris, 221 Ill. 382.

Objection is made to the claim of appellee, the Moore-Gabbert Co., upon the ground that the contract under which the glass furnished by it, and which was used in the improvement, was not made between it and the contractor, but between the contractor and the Huff Brothers Lumber & Planing Mill Co., which latter company assigned its contract with the contractor to the Moore-Gabbert Co.

The material for which the lien is claimed was furnished by the Moore-Gabbert Co., to the contractor, for use in the court house, and this is all that is necessary to entitle it to a lien under section 24 of the Act.

The section does not require that the person furnishing the material, and claiming a lien therefor shall have a contract with the contractor, but only that such person shall furnish material to a contractor for a public improvement.

The decree of the Circuit Court finds the amount due the several lien claimants and awards interest thereon at 5 per cent. from May 12, 1906, the date of the decree. Appellees assign cross-errors claiming that they should have been allowed interest on the amount of their respective claims from September 7, 1900, the date of the acceptance of the improvement by the county board of Coles county. This claim on behalf of appellees is predicated upon the statement that the evidence shows all of the contracts for material to have been in writing and, therefore, by virtue of section 2 of the Interest Act, interest should have been allowed. All of the contracts for material entered into by the lien claimants are not before us in the abstract, and such of them as we have discovered in our examination do not fix a time for the payment of the contract price for the material. The court did not err in that regard.

The decree of the Circuit Court will be affirmed.

*Affirmed.*