## Continental Portland Cement Company, Appellant, v. City of Eldorado, Illinois, et al., Appellees.

1. MECHANICS' LIENS, § 183*—*when bill by subcontractor against city to enforce lien upon fund alleged to be due contractor is sufficient.* On a bill filed by a subcontractor against a city to enforce a lien upon a fund alleged to be owing to a contractor by reason of the construction of a city improvement, where the bill alleged that complainant furnished cement which was used in said work; that notice of complainant's claim and for a lien was served on the city prior to the determination by the County Court that such improvement conformed to the •requirements of the ordinance; that vouchers and bonds were issued to the contractor to the full amount of the contract price, although the contract between the city and said contractor contained a provision that ten per cent. of the contract price was to be retained by the city until the completion and acceptance of the improvement, but that such ten per cent. was included in said vouchers and bonds before the work was completed, and that a large amount of the bonds was paid over in advance of the performance of the work therefor; that the bonds were not issued as the work progressed as required by statute; that no certificate was made by the designated parties, and that at the time of the issuance of the vouchers and bonds the contractor was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

not entitled to them because the work had not been completed to the extent of them, *held* that bonds' issued under the conditions and in the manner set forth in the bill would not deprive complainant of his lien upon the said fund, and that therefore the sustaining of a demurrer to the bill was erroneous.

2. MECHANICS' LIENS, § 79*—*what act of city does not deprive subcontractor of lien upon funds due contractor.* A subcontractor should not be deprived of his lien upon funds due a contractor by the act of the city in issuing instruments to the contractor at a time when he was not entitled to receive them.

3. MUNICIPAL CORPORATIONS, § 406*—*validity of bonds and vouchers issued to contractor in absence of certificate.* Where a certificate of the board of local improvements or some officer designated for the purpose is required, bonds and vouchers issued to the contractor without such certificate and issued in advance of the work are not valid.

4. MUNICIPAL CORPORATIONS, § 406—*when unlawful to issue bonds to contractor before determination by County Court of performance of contract.* Where the contract for a particular public improvement provided that ten per cent. of the contract price should be retained until after the completion and acceptance of the work, and in view of section 84, ch. 24, Rev. St. (Cal. Ill. St. Supp. 1916, ¶ 1477) providing that the County Court is authorized to hear objections and finally determine whether or not the improvement substantially conformed to the ordinance and the contract, *held* that any person entering into a contract with the contractor for furnishing materials would, by an examination of the contract, be advised that said ten per cent. was to be held by the city until a final acceptance of the work, and therefore it would be unlawful for any officer of the city to assume authority to issue bonds to the contractor for such amount, before the County Court had finally determined that the contract was completed according to the ordinance.

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed June 18, 1917.

LEWIS, RONALDS & LEWIS and HARRY ANDERSON, for appellants.

WHITLEY & COMBE, for appellees; C. W. LOMAS and J. F. DAMMANN, JR., of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Presiding Justice McBride delivered the opinion of the court.

The appellant filed its bill in the Circuit Court of Saline county, Illinois, to enforce a lien upon the fund alleged to be owing by the City of Eldorado to John Brogan, accruing to him by reason of the construction of an improvement for the said city. To this bill an amendment was filed by the appellant, and to the bill as amended the appellee filed a general demurrer, which, upon a hearing, was sustained and the appellant having elected to stand by its bill as amended, the bill was dismissed. To reverse which this appeal is prosecuted.

The amended bill filed by the appellant alleges, in substance, that the defendant John Brogan did construct a public improvement in the City of Eldorado and known as the Eldorado Sidewalk District No. 1, and that the appellant entered into a contract with the said John Brogan to furnish 6,000 barrels of cement to be used in the construction of said work. That it furnished under said contract a large amount of said cement and that there is now due to the appellant for said cement the amount of $5,199.14, and alleges that said cement was actually used in the construction of said improvement. That on November 30, 1914, the appellant served a written notice upon the City of Eldorado and advised said city of his claim to the amount of $5,000, and for a lien upon the fund accruing to Brogan under such contract; that thereafter two other notices were served of like import except as to the amount due; and that all of said notices were served prior to the determination by the County Court of Saline county, Illinois, that such public improvement conforms substantially to the requirements of the original ordinance for the construction of said improvement. The amended bill also alleges that vouchers and bonds were issued to the said John Bro-

gan and his assigns to the full amount of the contract price for the construction of said improvement, and avers that the said contract price between the City of Eldorado and John Brogan contained a stipulation that ten per cent. of the contract price was to be retained by the city until said improvement had been completed and accepted, but avers that this ten per cent. was included in vouchers and bonds before the work was completed, and also avers in the said amended bill that a large amount of the bonds were issued and paid over to the contractor and his assign in advance of the performance of the work therefor, and that the bonds were not issued as the work progressed in the manner provided by statute, and that the vouchers and bonds were not issued, nor were any certificates made, by the board of local improvements or other persons designated, and that at the time of the issuance of such vouchers and bonds the contractor was not entitled to the same for the reason that the work to the extent thereof had not been performed by the contractor. The bill seeks to have such vouchers and bonds declared invalid and that it be given a lien upon the fund accruing from such work for the cement furnished by appellant.

It is insisted by counsel for appellee that the court did not err in sustaining the demurrer to complainant's bill for the reason that appellant's notice was not served upon the City of Eldorado until after the bonds had been issued and that the notice came too late to preserve a lien for appellant. It is true that if such bonds were lawfully issued before appellant served its notice that it would not be entitled to a lien. It is alleged in the bill and admitted by the demurrer that the bonds were issued by the City of Eldorado in advance of the work done and without a certificate from the board of local improvements or other person designated by law to issue such certifi-

cates. It is provided by statute that: "From time to time, as the work under any contract for such improvement progresses, upon certificates by the said board of local improvements, or by some officer designated by such board for that purpose, payments may be made either in money, vouchers or bonds, as herein provided, to apply upon said contract price, reserving, however, a sufficient amount upon each of said payments to properly secure, in the judgment of said board, the faithful performance of the said contract, said reserve to be paid over at such time and on such conditions as the board shall fix, after the said work has been completed or accepted." Jones & Addington Statute, section 91 of chapter 24, art. IX. Before payments could be made under this statute, from time to time, as the work progressed, there must be, as a basis for such payment, a certificate of the board of local improvements or some officer designated by such board for that purpose, and we are of the opinion that bonds or vouchers issued without such certificates and issued in advance of the work cannot be valid. *Terre Haute Vitrified Brick Co. v. Montgomery County Loan & Trust Co.*, 163 Ill. App. 441. It appears from the allegations of this bill that these bonds were issued not only without the certificate of the board of local improvements but were issued in advance of the work, which could not be done. "The subcontractor should not be deprived of his lien by the act of the city in issuing instruments to the contractor at a time when he was not entitled to receive them." *First Nat. Bank of Chicago v. City of Elgin*, 136 Ill. App. 453. We are also of the opinion that as the contract between the City of Eldorado and Brogan provided that ten per cent. of the contract price for the building of the improvement should be withheld until the improvement had been completed and accepted, and that under the statute the only one that could finally pass

392 . APPELLATE COURTS OF ILLINOIS.

Continental Portland Cement Co. v. City of Eldorado, 206 Ill. App. 387.

upon and accept the work as completed, according to the ordinance, was the County Court of Saline county (in which the proceedings had been instituted in this case). This court was authorized by statute to hear all objections and finally determine whether or not the improvement, as constructed, substantially conformed with the ordinance and contract entered into. Section 84 of chapter 24, Rev. St. (Cal. Ill. St. Supp. 1916, ¶ 1477). Any person entering into a contract with Brogan for the furnishing of materials would, by an examination of his contract with the City of Eldorado, be advised that ten per cent. of the contract was to be held by the city until a final acceptance of the work, and it seems to us that it would be unlawful to allow the mayor or any officer of the city to assume the authority to issue bonds for this amount that had been reserved before the County Court had finally determined that the contract was completed according to the ordinance. The city was under no obligations and had no authority to issue the bonds for the amount reserved by the contract, especially in the absence of a certificate from the board of local improvements, until it had been judicially determined that the contract had been completed according to the ordinance. *Case v. City of Sullivan,* 222 Ill. 56. The bonds that were issued without authority of the board of local improvements, and in advance of the work performed, and those issued in violation of the contract and without the certificate of the board of local improvements being invalid as to other lienholders, then the appellant or other subcontractors would not be deprived of their right of lien upon the fund by the reason of issuing of bonds under such conditions. *Haynes & Lyons v. County of Coles,* 234 Ill. 137.

We are of the opinion that bonds issued under the conditions and in the manner set forth in complainant's bill, and hereinbefore commented upon, would

not deprive the complainant of his lien upon the fund due for the building of this improvement and for that reason the court erred in sustaining a demurrer to complainant's bill, and the decree of the Circuit Court will be reversed and the cause remanded with directions to set aside the order dismissing complainant's bill and to overrule the demurrer thereto.

*Decree reversed and remanded with directions.*