48    APPELLATE COURTS OF ILLINOIS.

Central Lime & Cement Co. v. Leyden-Ortseifen Co., 245 Ill. App. 48.

---

**Central Lime & Cement Company, Appellee, v. Leyden-Ortseifen Company and The Sanitary District of Chicago et al., Defendants.**
**Appeal of The Sanitary District of Chicago, Appellant.**

**Gen. No. 31,440.**

1. MECHANICS' LIENS—*contract against lien on public property.* Cahill's St. ch. 82, ¶ 21, providing a contract against liens shall be binding, does not apply to contracts for public improvements with agreements against liens.

2. MECHANICS' LIENS—*on money coming to public works contractors as not on public property.* The lien provided by Cahill's St. ch. 82, ¶ 23, upon money coming to a public works contractor in favor of the subcontractor, is not a lien upon public property.

3. MECHANICS' LIENS—*provisions of contracts for public works against.* The fact that no lien can be had on public property makes ineffectual the provisions of a public works contract against liens on such improvements.

. 4. MECHANICS' LIENS—*protection of subcontractors on public works.* The purpose of Cahill's St. ch. 82, ¶ 23, is to protect subcontractors furnishing labor and material to the principal contractor of a public work.

5. PUBLIC CONTRACTS—*default not justifying seizure of contractor's supplies and charging him completion cost.* Provisions of a contract for public improvement excusing the contractor for unavoidable delay from strikes and other specified causes, of which ample evidence is

Central Lime & Cement Co. v. Leyden-Ortseifen Co., 245 Ill. App. 48.

given, makes inexcusable, without giving the notice of default required by the contract, the seizure of the contractor's supplies under contract agreement on default and the charging against money coming to him the cost of completing the work.

6. SAVING QUESTIONS FOR REVIEW—*objection first made on appeal.* After a defendant in equity has gone to trial without objecting that a claim for damages therein should be made only at law, he cannot object on appeal.

7. EQUITY—*adjudication of nonequitable questions.* Once equity has acquired jurisdiction, it will retain jurisdiction to pass upon all questions involved in the case though some may involve legal rights otherwise beyond its scope.

8. MECHANICS' LIENS—*affirmative relief in equity.* Equity will grant affirmative relief in a mechanics' lien suit to avoid a multiplicity of suits.

9. MUNICIPAL CORPORATIONS—*liability for interest on money coming to public works contractor.* Without express agreement for interest a municipality is not liable for interest on money coming to a public works contractor either as damages or as payment of the contract price.

10. MECHANICS' LIENS—*subcontractors' rights to interest on money due for public work.* Without sufficient data for computing interest, subcontractors will not be given it on amounts due under their mechanics' liens upon money coming to a public works contractor, even conceding their right to the interest.

Appeal by defendants from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed in part, reversed in part and remanded. Supplemental opinion filed June 15, 1927. Original opinion filed May 2, 1927.

HECTOR A. BROUILLET, for appellant.

A. S. & E. W. FROEHLICH, for appellee Central Lime & Cement Co. and defendants. ROSENBERG & ROSENBERG, LITSINGER, HEALY & REID, WILLIAM E. MOONEY and LEWIS, ADLER, LEDERER & KAHN, for defendants.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by the Sanitary District of Chicago from a decree wherein it was found that there was due the Leyden-Ortseifen Company as principal contractor $151,226.47, with interest at 5 per cent from July 7, 1921, making a total of $186,516.68.

The bill of complaint was filed by the Central Lime & Cement Company, a subcontractor, and prays for an accounting and for a mechanic's lien for moneys due it against the funds, moneys, bonds and warrants in the hands of the Sanitary District due or to become due to Leyden-Ortseifen. Thereafter various other subcontractors intervened and presented their claims for a lien on the money alleged to be due or to become due to Leyden-Ortseifen.

The Sanitary District filed an answer denying the principal allegations of complainant's bill. Leyden-Ortseifen answered, admitting the principal contracts but denying the other principal allegations of the bill. September 19, 1921, the cause was referred to a master in chancery to take proof and make his report with conclusions thereon. After the cause was at issue, that is, on July 7, 1921, the Sanitary District terminated the principal contracts with Leyden-Ortseifen and took possession of the material, machinery and apparatus of said work belonging to Leyden-Ortseifen and re-let the remainder of the work to other contractors.

Thereafter on April 10, 1924, and before the proofs had been closed before the master, by leave of court Leyden-Ortseifen filed its amended answer. The substance of this amended answer was not only to meet the testimony and proof already offered before the master but also alleged that the claims and defenses of Leyden-Ortseifen had been diligently prosecuted and that proof of same had been and was being offered before the master, which proof was not yet completed; that the length of time consumed in taking evidence was not the fault of Leyden-Ortseifen but due to the length of time necessary for the various subcontractors

claiming liens to introduce their evidence. Said amended answer further asked for affirmative relief in that the Sanitary District be compelled to account to Leyden-Ortseifen for moneys due or to become due to it under the contract; alleged that the Sanitary District had wrongfully terminated the contracts between it and Leyden-Ortseifen and had wrongfully seized the machinery and apparatus of Leyden-Ortseifen on said work; that it had performed all the covenants and conditions of said contracts, and because of said wrongful termination of said contracts Leyden-Ortseifen claimed damages.

Subsequently on October 3, 1924, Leyden-Ortseifen was granted leave to file an amended and supplemental answer *instanter* for the purpose of making Lewis, Adler, Lederer & Kahn, attorneys, parties to the suit because of an assignment of one-third interest of the claim of Leyden-Ortseifen to them since the filing of the amended answer.

The master's report awarded the Leyden-Ortseifen Company and some twelve subcontractors various amounts and also set aside to Lewis, Adler, Lederer & Kahn one-third of the amount due Leyden-Ortseifen pursuant to the assignment to them. These sums with interest aggregate $186,516.68. Objections and exceptions were filed and overruled and a decree entered in accordance with the findings and recommendations of the master.

The Sanitary District first asserts in its brief that by the contracts Leyden-Ortseifen covenanted, contracted and agreed to do all the work and furnish all the materials called for by the contract "free from all claims, liens and charges whatsoever"; that therefore the subcontractors are not entitled to liens, and that, further, a mechanic's lien cannot attach to the property of a municipal corporation. The brief cites section 21, chapter 82 of the Illinois Statutes on Mechanics' Liens, Cahill's St. ch. 82, ¶ 21, which provides

in substance that if the legal effect of any contract between an owner and a contractor is that no lien or claim may be filed or intended, such provision is binding. A large number of cases are cited construing the provisions of this section.

We are of the opinion that this section is not involved in this proceeding, which is brought under section 23, chapter 82 of the Revised Statutes, Cahill's St. ch. 82, ¶ 23.

"Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for any county, township, school district, city or municipality in this State, shall have a lien on the money, bonds or warrants due or to become due such contractor under such contract."

It is conceded that the contracts were for a public improvement. The complainant, Central Lime & Cement Company, was claiming a lien only on the moneys due or to become due under such contracts. The statute is mandatory in its provision that—

"The person so claiming a lien shall, within thirty (30) days after filing notice with the State official, commence proceedings by bill in equity for an accounting, making the contractor to whom such material, apparatus, fixtures, machinery or labor was furnished party defendant, and shall, within the same period notify the official of the State of the commencement of such suit by delivering to him a certified copy of the bill filed."

Section 21 provides for mechanics' liens on private improvements. Section 23 relates to work and material furnished by subcontractors on public improvements and in substance provides that no party shall have a lien against public property, but only against the funds due the principal contractor. In *West Chicago Park Com'rs v. Western Granite Co.*, 200 Ill. 527, it was held that this section gives no lien upon improve-

ments to anyone, but only gives a lien to the subcontractor upon the moneys provided for the payment of the contractor; that it would be absurd to provide by law for a lien in favor of the contractor upon moneys to which he becomes entitled under his contract. Leyden-Ortseifen can have no lien on any of the property of the Sanitary District, and the contractual provisions that the work shall be done "free from liens" are in fact ineffectual. The purpose of section 23 was evidently to protect subcontractors furnishing labor and material to the principal contractor. This has been recognized in *County of Coles v. Haynes & Lyons,* 134 Ill. App. 320; *National Bank of La Crosse v. Petterson,* 200 Ill. 215. In *Continental Portland Cement Co. v. City of Eldorado,* 206 Ill. App. 387, it was held under similar circumstances that the subcontractors could not be deprived of their right of lien upon the funds.

Furthermore, the provisions of the contracts are that "all material, tools, labor and all appliances and appurtenances called for by this agreement" shall be free from all claims, liens and charges. None of the subcontractors is claiming any liens on any of these things, but as we have said, they are claiming a lien, under section 23, upon the moneys in the hands of the Sanitary District due to Leyden-Ortseifen.

It is next argued that there was an abandonment of the works and contracts by Leyden-Ortseifen. There were three contracts for the erection and completion of what was known as the Desplaines River Sewage Treatment Works of the Sanitary District of Chicago at Broadview, Illinois. Each contained a provision, in substance, providing that if the work to be done under the contract should be abandoned by the contractor, or if there should be a failure to perform the work in the time specified, or if various other conditions should arise which are not now in question, or "if in the opinion of the engineer the said work has been or is

54    APPELLATE COURTS OF ILLINOIS.

Central Lime & Cement Co. v. Leyden-Ortseifen Co., 245 Ill. App. 48.

being delayed by the contractor, or if in the opinion of the engineer the rate of progress is not such as to insure the completion of the work within the time specified,'' or if it is unnecessarily or unreasonably delayed, then under such circumstances the Sanitary District ''shall have the power and authority and may then immediately notify said contractor to discontinue all work or any part thereof, as may be designated by the engineer of said Sanitary District.'' Under such circumstances the Sanitary District was given a lien on all the equipment, material, implements and tools of the contractor then on the premises, and was authorized to take possession of the same and to complete the work by letting a new contract, using the equipment, material and tools of the first contractor. It was also provided that the cost of fully completing the work should be charged to the first contractor and the amount of said cost deducted out of any moneys that might be due to said contractor.

As tending to support the Sanitary District's theory that Leyden-Ortseifen abandoned the works, H. S. Ripley, an assistant engineer, testified that the last work done was in December, 1920, except the placing of a few yards of concrete in March, 1921; that at that time he had a talk with Mr. Ortseifen who said he could not start up the work with those prices; that he was trying to get increased prices before he started work; that he had several such conversations with Ortseifen; and that about the first of June, 1921, upon inquiring of Ortseifen when he was going to finish the contract, was told that he was not going to do anything further until he got an increase in prices. W. H. Fagett, another assistant engineer, testified that in February, 1921, and at another later time, Ortseifen said he did not intend to proceed with the job until he got better prices.

It is conceded that the Sanitary District seized the improvements and tools of the Leyden-Ortseifen Company and let the contracts to complete the work to other

contractors and undertook to charge the extra cost to Leyden-Ortseifen, and that it cost the Sanitary District over $40,000 more to have the work completed by other contractors than the amount which was due Leyden-Ortseifen for work actually done before the alleged abandonment. It is therefore argued that there was no money, funds or warrants due or to become due to Leyden-Ortseifen against which any lien of subcontractors could attach.

Said contracts contained a provision for "Unavoidable delay" caused by failure of railroads to furnish cars or equipment or by the Federal Government or State councils of defense, or by a large number of specified conditions, including default or delay of other parties under contract with the Sanitary District, "or due to strikes or to any other causes which  *  *  *  in the opinion of the chief engineer are entirely beyond the control of the contractor," in which event the time fixed by the contract for the completion of the work should be extended for a period equivalent to the time lost by reason of any of said causes and that the contractor at the commencement of such delay should notify verbally the engineer in charge of the field and the chief engineer in writing. It was also agreed that the contractor should not be entitled to any damages on account of such delays resulting from the specified causes except compensation for wages for extra time and for extra premiums on its bond. It was also provided that the chief engineer should decide the number of days that the contractor had been delayed, which decision was to be final. Leyden-Ortseifen concedes that there were many delays in the progress of the work, but asserts that they were caused by strikes, shortage in railroad cars and materials, embargoes laid by the United States Government upon certain cars, changes in plans by the Sanitary District, and because of floods. A great quantity of proof in support of this claim was heard before the master. It is vo-

56          APPELLATE COURTS OF ILLINOIS.

Central Lime & Cement Co. v. Leyden-Ortseifen Co., 245 Ill. App. 48.

luminous and ample in quantity. To detail it would unnecessarily extend this opinion.

The master found that immediately upon the execution of the contracts Leyden-Ortseifen entered upon its performance and proceeded with all possible haste and due diligence, but was delayed from time to time by circumstances contemplated by the contracts; that it duly notified the Sanitary District of all such delays in accordance with the provisions of the contracts; that it completed a substantial portion of the work and delivered and furnished a substantial portion of the materials required under the contracts; that the time lost and the delays were caused through no fault of Leyden-Ortseifen; that if the time had been properly extended, it would have been able to comply with all the terms and conditions of the contracts and complete the same as therein provided; that the Sanitary District did on July 7, 1921, without any previous notice and without any default on the part of Leyden-Ortseifen, seize said sewage works and prevented said Leyden-Ortseifen from completing its work under said contracts. Against the overwhelming amount of proof in this respect, the Sanitary District cannot take refuge in any unofficial conversation Ortseifen may have had with some of its subordinate employees. The finding of the master that the delays in the work were such as were contemplated by the terms of the contracts and that they should not be charged against Leyden-Ortseifen is not seriously controverted in the brief of the Sanitary District.

It follows that, if the termination of the contracts by the Sanitary District was wrongful, the re-letting of the remainder of the contracts was wrongful and the Sanitary District cannot rightfully charge the cost thereof against the moneys admittedly due Leyden-Ortseifen. This was the theory of the master's finding and of the chancellor, and it is justified by the record.

It is next argued that Leyden-Ortseifen cannot assert any claim for damages in this proceeding, as its rights, if any, to recover such damages are in an action at law. Undoubtedly an action for damages for loss of profits would usually be at law and not in chancery. However, the Sanitary District went to trial upon this issue and introduced evidence before the master opposing such claim. It has been held that, if a defendant makes no objection to the hearing of a cause and participates in it himself, he must be regarded as consenting to the jurisdiction and in case of defeat cannot make objection. *Central Elevator Co. v. People ex rel. Moloney,* 174 Ill. 203.

That a court of equity has jurisdiction of complainant's bill is apparent. Having taken jurisdiction and the court being clothed with authority to adjudicate all the rights between the parties, both legal and equitable, the decree should not be set aside on the ground that part of the relief awarded might have been adjudicated in an action at law. The rule is well established that, where equity acquires jurisdiction, it will retain the cause and settle all questions incident to the relief sought, even if it is necessary to pass upon purely legal rights which would otherwise be beyond the scope of the court's authority. *Stickney v. Goudy,* 132 Ill. 213; *Grand Tower & Cape G. R. Co. v. Walton,* 150 Ill. 428; *Fleming v. Reheis,* 275 Ill. 132; *Patterson v. Patterson,* 251 Ill. 153; *Miller v. Rowan,* 251 Ill. 344. Equity will grant affirmative relief in a mechanic's lien suit to avoid a multiplicity of suits. *Longshore v. Longshore,* 200 Ill. 470; *Thielman v. Carr,* 75 Ill. 385.

The account, as stated by the master, does not seem to be seriously questioned except as to the allowance of interest. The court allowed the claim of Leyden-Ortseifen for $151,226.47 and interest on this from July 7, 1921, at the rate of 5 per cent, making a total of $186,516.68. Interest on the amount of damages was improper. *Brownell Improvement Co. v. Critch-*

58    APPELLATE COURTS OF ILLINOIS.

Central Lime & Cement Co. v. Leyden-Ortseifen Co., 245 Ill. App. 48.

*field,* 197 Ill. 61; *Laughlin v. Hopkinson,* 292 Ill. 80. We also hold that no interest should have been allowed on any of the claims. It has been held in many cases that a municipal corporation is not liable for interest on its indebtedness in the absence of an express agreement to pay interest. *County of Pike v. Hosford,* 11 Ill. 170; *City of Pekin v. Reynolds,* 31 Ill. 529; *City of Chicago v. People,* 56 Ill. 327; *City of Chicago v. Allcock,* 86 Ill. 384; *South Park Com'rs v. Dunlevy,* 91 Ill. 49; *Shoenberger v. City of Elgin,* 164 Ill. 80. This may be said to be the established rule. The cases cited in opposition have to do with private parties. The Sanitary District is a public corporation and in the absence of any express agreement to pay interest, it is not liable therefor.

For the above reasons the decree of the superior court is affirmed except as to the allowance of interest, in which respect the decree is reversed. The cause is therefore remanded to the superior court for further proceedings in harmony with what we have said in this opinion.

*Affirmed in part, reversed in part, and remanded.*

MATCHETT and JOHNSTON, JJ., concur.

MR. PRESIDING JUSTICE McSURELY DELIVERED THE SUPPLEMENTAL OPINION OF THE COURT UPON REHEARING.

The subcontractors claim that they are entitled to interest as the fund found due Leyden-Ortseifen Company was in excess of the amounts due the subcontractors with interest, citing *West Chicago Park Com'rs v. Western Granite Co.,* 200 Ill. 527.

It may be conceded that upon a proper showing interest should be allowed the subcontractors, but the prinicpal contractor, Leyden-Ortseifen Company, says that the subcontractors have not shown that it is liable to pay interest to them on their contracts, nor does it appear from the abstract or any of the briefs when the

money due the various subcontractors was to become
due or to be paid, and therefore there is no basis for
the computation of interest. Contrary to our rules,
we have allowed the subcontractors to file a reply to
give them the opportunity to point out where this court
may find a basis for allowance of interest, but in such
reply no such data or basis is given. The case is, there-
fore, in substance, like *Haynes & Lyons v. County of
Coles,* 234 Ill. 137, 145, where the court said: "Suffi-
cient data should be furnished us by counsel to justify
us in holding that an error was made in this regard.
The trial court, so far as we are advised from the
abstract and briefs, may have taken this interest ques-
tion into account in making up the amounts due these
claimants."

Under these circumstances we are unable to modify
or change our original opinion and judgment, and that
opinion is refiled with this supplemental opinion.

*Original opinion refiled.*

MATCHETT, J., concurs.