Hawthorne Park District, Appellee, v. Seipp, Princell and Company, Appellant.

Gen. No. 38,932.

Opinion filed October 13, 1936.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of Chicago, for appellant; EDWARD J. FLEMING, of Chicago, of counsel.

JULIUS T. SKRYDLEWSKI, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, a municipal corporation, brought suit against defendant to recover $626.45, claiming that this amount was the compound interest it had paid defendant on overdue interest coupons. There was a trial.

before the court without a jury, a finding and judgment in plaintiff's favor for the amount of its claim, and defendant appeals.

The record discloses that plaintiff, a municipal corporation, issued its bonds to raise money for municipal improvements, in accordance with the statute. The interest on the bonds was payable semiannually, evidenced by coupons. The coupons were not paid on the date the interest fell due and interest was computed at five per cent on the face amount of the coupons. Plaintiff's position is that the statute authorized it to issue bonds which should "bear interest at not exceeding five per cent. per annum, payable semi-annually" (sec. 33, ch. 105, ¶ 327, Ill. State Bar Stats. 1935), and that the payment of compound interest being in contravention of the statute, was illegal and void.

It seems to be agreed by the parties that the compound interest involved was freely and voluntarily paid by plaintiff and without fraud, duress or misrepresentation; and defendant's position is that in these circumstances the law will not permit a recovery of the compound interest so paid. On the other hand, plaintiff's position is that there is an exception to the general rule of law which permits a recovery on behalf of a municipal corporation under the facts disclosed.

There is no provision in the interest coupons that if not paid at maturity they will draw interest thereafter. Interest is a creature of the statute alone *(City of Pekin v. Reynolds,* 31 Ill. 529) and does not run against a municipality except by express agreement *(South Park Comm. v. Dunlevy,* 91 Ill. 49; *Central Lime & Cement Co. v. Leyden-Ortseifen Co.,* 245 Ill. App. 48) and except where money is "wrongfully obtained or where it is lawfully obtained and unlawfully and wrongfully withheld" by a municipality. *Conway v. City of Chicago,* 237 Ill. 128; *Vider v. City of Chicago,*

164 Ill. 354; *City of Danville v. Danville Water Co.,* 180 Ill. 235.

In *People v. McCord,* 143 Ill. App. 28, where an action of debt was brought for the use of the county of Vermilion against a former county treasurer and the sureties on his official bond on the ground that the treasurer had been paid a salary in excess of that provided by law, the court said (p. 34): ''In *Cumberland County v. Edwards,* 76 Ill. 544, it was held that a county was not estopped by the action of the county board in passing upon and approving a collector's account, containing charges for illegal fees, and that the county board was powerless to allow as fees or commissions more than the sum fixed by law, and such allowance binds no one. . . .

''Upon this question we approve what was said by this court in *McLean County v. County of Montgomery,* 32 Ill. App. 131, as follows: 'When a county board attempts to make an allowance not authorized by law, it is acting without jurisdiction, entirely beyond its power, and its acts are utterly void and do not bind the county. The board is the agent of the county, and when allowing a claim against it over which it has jurisdiction, and the amount to be paid is discretionary, the conclusion reached would no doubt be binding upon the county; but when the board seeks to appropriate funds in the treasury in direct contravention of the statute it exceeds its powers, and in no sense does it estop the county from ignoring and repudiating such action.' The doctrine that a payment voluntarily made cannot be recovered back has no application here. In *Allegheny County v. Grier,* 179 Pa. 639, it was held that the maxim *volenti non fit injuria* had no application to the illegal payment of public funds to public officers.'' The court then discusses the case of *People v. Foster,* 133 Ill. 496, which is relied upon by counsel for defendant in the instant case, and

said that the rule there announced did not prevent a municipality from recovering back the money paid where the payment was contrary to law; that the public officials in making such payments acted without jurisdiction and entirely beyond their powers, and these acts were utterly void. So in the instant case, we are of opinion that the payment of compound interest by plaintiff was contrary to the provisions of section 33, above quoted, and that the payment of such interest was utterly void and recovery can be had.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.