# THE CITY OF CHICAGO

*v.*

# JOSEPH BARBIAN.

1. CONDEMNATION OF PROPERTY—*effect of judgment.* No order or judgment can be entered of binding force on an application to condemn property for right of way, so as to confer a present right to take or damage real estate, before payment of the compensation found; all that can be done, under the constitution, is to enter a judgment or order vesting the right to take or damage the property as desired, upon the performance of the condition precedent of making the compensation fixed by the jury.

2. The judgment of the court on condemnation of property for public use is conditional, depending on the payment of the damages found, and the party seeking condemnation acquires no vested right until such payment is made or the sum deposited, and the rights of the parties are reciprocal, so that the property owner has no vested right in the damages found by the jury until the same is paid or deposited. If the property, however, is taken or damaged by the owner's consent before compensation is made, the owner will then have a vested right in the compensation when ascertained.

3. SAME—*abandonment of proceeding.* Where land is condemned for public use, and the condition of the order is not complied with in a reasonable time by the payment of the damages and taking possession of the property, the proceedings will be regarded as abandoned, and a court of equity would enjoin any attempt to proceed under them.

4. SAME—*judgment—interest and execution.* Where the property condemned has not been taken or damaged, the order or judgment on the assessment of the jury will not bear interest, and no execution can be awarded for the collection of the sum so assessed.

5. SAME—*city may abandon after damages are assessed.* A proceeding to condemn real estate for public use may be abandoned at any time after the damages are assessed, and before payment thereof or its deposit for the owner, when the property has remained unmolested, and the court will not in such case compel the payment of the compensation found, by *mandamus.*

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. T. LYLE DICKEY, and Mr. FRANCIS ADAMS, for the appellant.

Messrs. NISSEN & BARNUM, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is prosecuted to reverse a judgment of the court below overruling the respondent's demurrer to the petition of the relator.

The *mandamus* asked for is to compel the levy and collection of a tax for the payment of a sum, ascertained and reported by a jury, and adjudged by a court of competent jurisdiction to be compensation, for damages to be sustained by the relator to certain property, by reason of the widening of North State street, in the city of Chicago.

After the return of the jury, ascertaining and reporting the amount of damages to be sustained to the relator's property, by the contemplated improvement, the respondent, by its attorney, entered its motion for a new trial. Without this motion having been disposed of by the court, the record shows as follows:

"On this, the 3d day of December, A. D. 1873, being one of the days of the December term, A. D. 1873, of the court, comes John A. Huck, one of the defendants herein, as owner, by Barnum & Nissen, his attorneys, and in open court enters a *remittitur* of the sum of $7000 from the amount of $30,000 awarded by said jury as damages for arched cellars and other improvements on lots 4, 5, 6, 7 and 8, of block 4, of H. O. Stone's sub-division of Astor's addition to Chicago, and original lot 8, of Astor's addition to Chicago.     *     *     *     *

"And thereupon the city of Chicago, by M. F. Tuley, counsel to the corporation, moves the court for leave to withdraw the motion of plaintiff for a new trial, which motion is granted. And thereupon, on motion of M. F. Tuley, counsel to the corporation, the court doth order and adjudge that the respective

owners of the several pieces or parcels of land, improvements and property hereinafter described, receive of the said city of Chicago the respective sums of money awarded by said jury as the just compensation for taking and damaging such land, improvements and property respectively, less the said amount so remitted, as follows, to-wit."

Then follows a description of the property, after which the record proceeds:

" And it is further ordered, that the city of Chicago pay the said several sums of money, together with the amount of costs of this proceeding (to be taxed), into this court, and that upon such payment being made into this court, the said city of Chicago shall have the right, at any time thereafter, to take possession of or damage the said improvements and property, in respect to which such compensation shall have been so paid or deposited as aforesaid."

Afterwards, and on the 1st day of June, 1874, the respondent, by an ordinance then adopted, repealed the ordinance under which the proceedings for condemnation were had, and discontinued all further proceedings for making the improvement thereby contemplated.

It is not pretended that any portion of the relator's property has been actually taken or damaged by the respondent for the contemplated improvement, but the contrary is conceded to be the fact.

The only question we find it necessary to examine is, did the relator have a vested right in the order or judgment of the court, before recited, which was not defeated by the respondent discontinuing the contemplated improvements, and failing to take or damage the relator's property, as contemplated by the proceedings for condemnation ?

Under the present constitution the relator was entitled to have compensation made to him before his property could be taken or damaged; *People ex rel.* v. *McRoberts*, 62 Ill. 38; and, therefore, no judgment or order of court, of binding force, could be entered in advance of the taking or damaging

of property, and the making of compensation therefor, con-
ferring upon the applicant for condemnation a present right
in the property; all that could be done being to enter a judg-
ment or order vesting the right to take or damage the property
as desired, upon the performance of the condition precedent
of making the compensation ascertained by the verdict of a
jury.

The statute under which this condemnation proceeding was
instituted and carried on, art. 9 of chap. 24 of Revised Statutes
of 1874, p. 232, pursues this requirement of the constitution,
and provides by § 14: "Any final judgment or judgments,
rendered by said court, upon any finding or findings of any
jury or juries, shall be a lawful and sufficient condemnation
of the land or property to be taken upon the payment of the
amount of such finding, as hereinafter provided."     *     *
And, by § 15: "The court, upon proof that said just com-
pensation, so found by the jury, has been paid to the person
entitled thereto, or has been deposited as directed by the court,
*     *     *     shall enter an order that the city, or village,
shall have the right, at any time thereafter, to take possession
of or damage the property in respect to which such compen-
sation shall have been so paid or deposited, as aforesaid."

This would seem to clearly indicate, first, that the judgment
to be rendered on the verdict of the jury is conditional, and is
to be a sufficient judgment of condemnation only when pay-
ment shall be made of the amount of the finding; and, second,
that no right, either to take or damage the property, shall vest
in the applicant for condemnation, until such payment shall
have been made. Until then, the owner is entitled to the abso-
lute control and use of his property, and he can not be deprived
thereof until the order shall be made prescribed by section
15, on proof being made of payment, etc., as therein provided.

The compensation to be made is for "*property taken or
damaged*," and no property shall be taken or damaged until
compensation shall be made. The rights of the parties are
correlative and have a reciprocal relation—the existence of the
one depending on the existence of the other. When the party

seeking condemnation acquires a vested right in the property, the owner has a vested right in the compensation; but since no vested right can be acquired in the property, without the owner's consent, until compensation shall be paid, it must follow there can be no vested right in the compensation until after the amount is paid. Of course, if, by the owner's consent, either express or implied, the property is taken or damaged before compensation is made, the owner has a vested right in the compensation. But, assuming the proceedings to be simply a regular condemnation under the statute, unaffected by the contracts or torts of the party seeking condemnation, the property owner's right under his judgment is, to have his compensation before his property is taken or damaged; wherefore, if it is never taken or damaged there is no basis whereon to rest his claim for compensation.

In answer to the suggestion of evil that might result from having such a judgment suspended indefinitely over property, it is sufficient to say no such result need follow. Unless the condition should be complied with within a reasonable time, by the payment of the damages, and the taking possession of the property condemned, the proceedings would be regarded as abandoned, and a court of equity, if need be, would stay any attempt to proceed under them.

But judgments, like this, have been held to bear interest as other judgments, and it is argued that this proceeds upon the assumption that the amount found as damages is absolutely due the property owner, without reference to the subsequent contingency of whether the party procuring the condemnation shall or shall not take or damage the property.

That such a judgment bears interest was first announced in *Cook* v. *South Park Commissioners*, 61 Ill. 115, where it was assumed possession had been taken of the property, prior to the judgment of condemnation, and subsequently held; and it was allowed, not because the order of court possessed all the elements of an absolute judgment, but because it was *within the spirit* of the statute allowing interest on judgments. And in the subsequent case of *I. and St. L. R. R. Co.* v. *McClin-*

*tock*, 68 Ill. 296, where interest was also allowed upon a like judgment, the fact was made to distinctly appear that possession had been taken and retained of the condemned property.

But if the judgment is that the property owner shall absolutely recover the amount found as compensation, without reference to any future contingency, why shall an execution not issue on it, when the party is one against whom an execution may lawfully be issued on an ordinary judgment?

Commencing as early as the case of *C. and M. R. R. Co.* v. *Bull*, 20 Ill. 218, and extending through numerous cases down to the present time, the court has uniformly held that an execution would not issue on such a judgment. The reason controlling the decisions is, the judgment is not absolute, but conditional, and the statute has provided for its enforcement only through the performance of the condition.

In a recent case, which arose under the "act to provide for the exercise of the right of eminent domain," in force July 1, 1872—*St. L. and S. E. Ry. Co.* v. *Teters*, 68 Ill. 144, this question was fully discussed, and inasmuch as there is no substantial difference between the two statutes, so far as the question under consideration is concerned, what was there said is conclusive of the question. The court said: "Where the company has not appropriated the land at the time of the trial, it would be improper to render a judgment for the recovery of the money, or to award execution, because it could not be known that the company will ever enter upon the land. It is, under the statute, the payment of the money found by the jury, and not the order of the court alone, that confers the right. Although the petition has been filed, the damages assessed, and the order of the court pronounced and entered, the money must be paid before the right to enter attaches, and until they pay the damages, they have the right to abandon the location of the route thus made, and adopt some other. Hence it is improper to render a judgment of recovery or award execution, unless the jury find, or it conclusively appears from the record, that the company has entered and is in possession of the land

sought to be condemned." See also, *P. and R. I. Ry. Co.* v. *Rice*, 75 Ill. 330.

The relator having suffered no injury, either by the taking or damaging of his property, has no cause to complain of the hardship of a ruling which remits him to the collection of his judgment through the mode which it alone contemplates; namely, the retention of his property until the amount shall be paid.

We have carefully examined the numerous authorities cited by the counsel for the relator. Many of them are plainly distinguishable from the present case, in this: They recognize a present vested interest in the property condemned, in the party seeking condemnation. In other of the cases, seemingly in conflict with the views we have expressed, our familiarity with the statutes affecting the cases is not sufficient to enable us to perceive to what extent they correspond or differ from that under which the proceedings here in controversy were had. *The Baltimore and Susquehanna Ry. Co.* v. *Nesbit*, 10 Hd. 395, *Garrison* v. *The City of New York*, 21 Wallace, 196, and *Stacey* v. *The Vermont Central Ry. Co.* 27 Vermont, 39, cited by counsel for the respondent, are ably considered cases, and sustain fully our position. We would be exceedingly reluctant, in any case, to enforce the grievous and unprofitable burden upon taxpayers here attempted, unless the unmistakable letter of the law left no alternative discretion; and, in the present instance, we have no difficulty in determining, whatever may have been concluded elsewhere, the judgment contemplated by the statute is not enforcible by *mandamus*, where the condemnation proceedings have been discontinued, and the property of the relator has been neither taken nor damaged.

The judgment of the court below is reversed, and the cause remanded, with direction to that court to enter judgment sustaining the demurrer to the petition.

*Judgment reversed.*

Mr. JUSTICE DICKEY, having been of counsel in this case, took no part in its decision.