*Stricken from docket.*

# The South Park Commissioners

## *v.*

## Francis Dunlevy *et al.*

1. EMINENT DOMAIN—*time at which valuation is to be fixed.* On petition to condemn lands for public use, the compensation to be paid must be fixed by the valuation of the property at the date of the filing of the petition, and not at the time of the trial.

2. SAME—*evidence on question of value.* If land, sought to be condemned for public use, has a market value for the purpose of subdivision into lots and blocks, it may be properly proven. The jury may take into consideration each and every element that may enter into the true market value of the property.

3. SAME—*rule for ascertaining compensation.* In estimating the compensation to be paid for land taken for a public park, the jury may consider the location and situation of the land at the time of the taking, without regard to the possible increase of value thereafter by reason of the prospective improvement in the vicinity.

4. SAME—*interest on value of property not allowable before it is taken.* Under proceedings to condemn land for public use, the filing of the petition is not a taking of the property, and it would be a trespass to take possession before the damages are ascertained and paid. The owner having the right to the use of the land until the damages are paid, is not entitled to interest on the value of the land from the commencement of the suit to the trial.

5. INTEREST—*municipal corporation.* A municipal corporation is not liable to pay interest in the absence of any agreement to that effect.

6. SAME—*on judgment of condemnation for public use.* Until possession is taken of property sought to be condemned for public use, the compensation found by the jury should not bear interest, and it is error to order that it shall bear interest in the entry of judgment or final order.

4—91 Ill.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

Mr. RICHARD S. THOMPSON, and Mr. JOHN N. JEWETT, for the plaintiff·in error.

Mr. E. ROBY, and Messrs. McCAGG, CULVER & BUTLER, and Messrs. WILLIAMS & THOMPSON, for the defendants in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding, instituted in the circuit court of Cook county, by the South Park Commissioners, for the condemnation of two certain tracts of land, containing twenty acres each, for park purposes.

The petition in the case was filed on the 18th day of April, 1873, but the trial which resulted in the judgment under consideration was not begun until the 18th day of December, 1876, and was not concluded until January 8, 1877, when a verdict was rendered, in which the value of one tract of land was estimated at $74,783.41, and the value of the other tract at $49,856.20.

The commissioners entered a motion for a new trial, which was overruled on the 2d day of June, 1877, and judgment entered upon the finding of the jury, to reverse which the park commissioners have sued out this writ of error, and contend, by their counsel, that the judgment should be reversed, on the following grounds:

1. The court erred in refusing to admit the evidence offered by the plaintiff to show the value of the property in question at the time of the trial; and in limiting the inquiry as to the value of the property to April 18, 1873, the date when the petition was filed.

2. The court erred in instructing the jury to add to their estimate of the value of the land on April 18, 1873, interest at the rate of six per cent per annum, from April 18, 1873, to

the time at which the instruction was given, and to include the same in the verdict.

3.    The court erred in entering the order or judgment on the verdict in such manner that the amount found by the verdict should bear interest from the date of the entry of such order until payment.

4.    The court erred in admitting evidence as to what would have been the value of the property had it been subdivided into lots, blocks, streets, etc.

5.    The court erred in admitting evidence of valuation based upon the special benefits the property received from its supposed frontage upon the South Park.

6.    The evidence does not support the verdict.

These several grounds of reversal will be considered in the order in which they have been made by counsel for the commissioners.

In regard to the first question presented, it probably would not have arisen had a trial occurred soon after the petition was filed, but owing to the long delay in a trial of the cause, after the petition was filed, property depreciated, and consequently the question, when the value should be placed upon the property, became an important one to the parties in interest.

Section 2 of the act to provide for the exercise of the right of eminent domain, in force July 1, 1872, under which this proceeding was commenced, provides that when the party authorized to take property under the act can not agree with the owner or party interested as to the amount to be paid for the same, application may be made to the judge of the circuit or county court by filing a petition either in vacation or term time.

Section 3 provides that if a petition is presented in vacation the judge shall note thereon the day of presentation and also the time when he will hear the same.    These sections of the act would seem to imply that it was contemplated that a speedy trial and determination of the amount of damages to be allowed

as compensation for property to be taken would be had after a failure to agree upon the amount, and if a trial should be had immediately after the parties had failed to agree upon the amount, and the petition had been filed, there would be no probability of a rise or fall, in the market, of the value of the property. Why should the statute provide for the petition to be presented to the judge in vacation, and for him to fix upon a time for trial, unless it was intended that the compensation should be at once ascertained, and the value be confined to the time of filing the petition? But independent of the statute, the evident object and import of filing a petition where parties can not agree, is to ascertain the just and true amount of compensation for property to be taken, not five years before the petition is filed, or three or five years thereafter, but at the time of filing the petition. Suppose the property in question was worth, at the time the petition was filed, $100,000, and the commissioners, knowing that to be its true value, had provided themselves with money necessary to pay that amount of damages, and filed a petition to condemn the property, but owing to delays, which are sometimes incident to legal proceedings, over which the commissioners had no control, a trial was not had until three years after the petition was filed, and in the meantime, the property had increased in value to $200,000, would it be reasonable to hold that this increased valuation could be proven, and the commissioners compelled to take the property at double its value when they instituted proceedings to condemn and take it? We apprehend a rule of this character would neither be reasonable nor just, and yet the principle contended for by the commissioners would lead to this result.

In an action for a breach of contract for a failure to deliver goods, the true measure of damages is the value of the goods at the time required by the contract for delivery, and in an action for a conversion of property, the evidence is confined to the value at the time of conversion, and in neither case can proof be introduced of the value of the property after suit commenced, as was aptly illustrated by counsel for the de-

fendants. The same principle may be applied to a case of this character. The filing of the petition is the commencement of the action. Those interested in the land by that act are brought into court, and the inquiry is, what amount shall be then allowed as a just compensation for the property described in the petition.

Counsel for the commissioners have, however, referred to *Cook* v. *The South Park Commissioners,* 61 Ill. 115, as an authority in support of their view of the case. In that case, on the trial in the circuit court, the evidence, in regard to the value of the land which the commissioners petitioned to have condemned, was confined to the value of the land at the time the Park act went into force. This was held to be error, and it was said: "The legislature has not the power, by mere declaration of law, to set apart the land of the citizen for the use of corporations, and divest the owner of the right to sell and improve it. It can not, by arbitrary enactment, take property for public use, and limit the owner's right to recover compensation to the date of the law, when the property might greatly enhance in value between the passage of the law and the time when proceedings to condemn are commenced. We therefore think that the evidence excluded by the court should have been admitted, and that the value of the land should be estimated at the date of condemnation."

If the last sentence which we have quoted stood alone, it might be somewhat difficult to determine definitely what time was intended by the words, "at the date of condemnation," but when this is taken in connection with the preceding sentence, it was doubtless intended to mean, by the words "at the date of condemnation," the date of filing the petition to condemn. If we are correct in this view, the case cited is an authority against the view taken by the commissioners, rather than in their favor.

We have been referred to some authorities in other States as sustaining the view of the commissioners, but it will not be necessary to review them. This is a statutory proceeding,

and we are satisfied that, under the laws of this State, the true measure of compensation to be allowed is the value of the land at the time the petition was filed.

The next question presented by the record is, whether the court erred in instructing the jury to allow interest on the value of the property from the time the petition was filed until the trial. It is insisted by the defendants that it is inequitable to have their property taken from them and not allow interest from the time of the taking. The commissioners had no right to take the property or to disturb the defendants in the enjoyment of the possession thereof, until the damages had been ascertained in the mode provided by law, and paid. The filing of a petition to condemn property is not a taking of the same. If the commissioners took possession of defendants' property before the damages were assessed and paid, they were trespassers, for which the law gives an ample remedy. There is some slight evidence in the record tending to prove that the commissioners assumed control over the property, but there was no issue of that kind in the case, and the instruction is not predicated on the existence of that fact. The evidence, therefore, bearing upon that point, we do not regard of any importance. The defendants had the right to the possession and use of their property after the petition was filed, the same as before, and we perceive no reason why they should have the use of the property and at the same time be allowed interest upon its value, before it was actually taken.

In *City of Pekin* v. *Reynolds*, 31 Ill. 529, it was held, that at common law interest was not allowed in any case,—it is the creature of the statute alone; that a city or town is not liable for interest on its indebtedness, in the absence of an express agreement to pay interest. In *The People* v. *Salomon*, 51 Ill. 52, it was held, that the South Park Commissioners was a municipal corporation, and this was followed by the case of *City of Chicago* v. *The People*, 56 Ill. 328, where it was held that a municipal corporation is not liable to pay interest, except by express agreement so to do. In the late case of *City*

*of Chicago* v. *Allcock,* 86 Ill. 384, which was an action to recover damages to certain property, resulting from the constructing of an improvement by the city, it was held to be error to instruct the jury to allow interest on the amount of damages awarded by the jury from the time the damages were sustained.

If these decisions, which have been deliberately made, are to be regarded as the law, we perceive no ground upon which the instruction under consideration can be sustained. There is no statute authorizing or requiring the South Park Commissioners to pay interest in a case of this character. The charter under which they were organized does not empower them to raise money, by taxation or otherwise, to pay such interest. The commissioners never agreed to pay interest. A municipal corporation can not be held liable for interest where there has been no agreement to pay, and this has been held to be a municipal corporation. Our conclusion, therefore, is, that interest could not be recovered.

The case of *Cook* v. *South Park Commissioners,* 61 Ill. 115, has been cited as an authority sustaining the view of defendants. We do not so understand the decision. It is there (see page 124) expressly said: "We think there was no error in refusing to allow interest on the amount of the verdict intermediate its finding and return and the rendition of the judgment of the court thereon."

The next question involves the validity of the judgment rendered by the court on the verdict,—that the amount found by the jury should bear interest from the date of the entry of the order until payment. In *Cook* v. *South Park Commissioners, supra,* it was held that a judgment in a case of this character would bear interest. The same doctrine was announced in *Illinois and St. Louis R. R. Co.* v. *McClintock,* 68 Ill. 296. Each of these cases, however, arose under the Condemnation act of 1852, and in each case it appeared that the land condemned had been taken possession of by the party in whose

behalf the proceedings were commenced.  These cases can not, therefore, control here.

The 10th section of the act of 1872, under which this proceeding was had, declares: "The judge or court shall, upon such report, proceed to adjudge and make such order as to right and justice shall appertain, ordering that petitioner enter upon such property and the use of the same, upon payment of full compensation, as aforesaid; and such order, with evidence of such payment, shall constitute complete justification of the taking of such property."

In *St. Louis and Southeastern R. R. Co.* v. *Teters*, 68 Ill. 144, this section of the statute was considered, and it was said: "We have no doubt, under the language employed in the act, that the court has power in such a case, and when the jury found that they have taken the property into possession, or where it conclusively appears from the record, to render judgment and award execution.  But where the company has not appropriated the land at the time of the trial, it would be improper to render a judgment for the recovery of the money, or to award execution, because it could not be known that the company will ever enter upon the land."

The fair inference from the language used would seem to preclude the rendition of a final judgment which would bear interest, unless the land has been actually appropriated.  So, too, the language of the section of the act *supra*, in these words, "ordering that petitioner enter upon such property and the use of the same, upon payment of full *compensation*, as *aforesaid*," would seem to mean that compensation, as determined by the jury only, was to be paid where the land had not been appropriated by the company.

In the case of *City of Chicago* v. *Barbian*, 80 Ill. 482, the character of a judgment in a proceeding of this kind was considered, and it was there said: "The compensation to be made is for the property taken or damaged, and no property shall be taken or damaged until compensation shall be made.  The rights of the parties are correlative, and have a reciprocal

relation,—the existence of the one depending on the existence of the other.   When the party seeking condemnation acquires a vested right in the property, the owner has a vested right in the compensation; but since no vested right can be acquired in the property, without the owner's consent, until compensation shall be paid, it must follow there can be no vested right in the compensation until after the amount is paid."

Our conclusion on this branch of the case is, that until the possession of the property has been taken, interest can not be allowed; that so long as the owner holds the possession and use of the property, the compensation should not bear interest —in other words, that the possession and use of the property must be regarded as an equivalent for interest.

The fourth error relied upon we do not regard as well taken. If the property had a market value if subdivided into lots or blocks, we perceive no reason why such value might not be proven.   The owners were entitled to receive just compensation for the property to be taken, and in determining this compensation the jury had the right to take into consideration each element that might enter into the true market value of the property.   If the property, when subdivided into lots or blocks, was of greater value than it would be without such subdivision, it was proper to prove that fact.   The real question was what the property was actually worth for any and all purposes for which it might be used.   If the property was mostly covered with water, and could not be made available as lot property, the petitioners could easily establish that fact. Besides, the jury were not likely to be misled by the character of evidence complained of, because they, under the statute, examined the property, and could see and determine for themselves whether the property was valuable when divided into lots and blocks.

In regard to the fifth point made by petitioners, that was substantially disposed of by the fourth instruction given in its behalf, in which the jury was directed, that in estimating the compensation to be paid for the land they should consider the

location and situation of the same at the time of taking, without regard to the possible increase of value thereafter, by reason of the prospective park improvements in that vicinity.

In regard to the last point relied upon, that the verdict is not sustained by the evidence, as the judgment will have to be reversed for other reasons we refrain from the expression of any opinion upon the testimony, as we do not desire, by discussing the evidence, to prejudice or prejudge another trial.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*