Argued October 19, affirmed November 30, 1920, rehearing denied January 18, 1921.

## SANDERS *v.* PORTLAND & O. C. RY. CO.

(193 Pac. 660.)

**Eminent Domain—Where No Damages for Occupation Before Payment are Shown, Only Nominal Damages can be had.**

1. In an action against a railroad company for ejectment and damages for taking possession of land after condemnation and before payment of damages assessed, where there was no evidence of damage by reason of defendant's occupation, even if wrongful, plaintiff could recover only nominal damages, and the fact that money for the condemned land was subsequently paid to mortgagee under court order is immaterial.

**Eminent Domain—Judgment Fixing Price Does not Authorize Condemning Party to Take Possession Without Payment.**

2. A judgment fixing the value of land does not authorize the party condemning to take possession without paying the ascertained value into court as required by law.

**Eminent Domain—Owner's Appeal from Condemnation Judgment Does not Dispense With Necessity of Payment Before Taking Land.**

3. The owner's prompt appeal from a preliminary judgment assessing damages did not dispense with the necessity of the condemning railway company's paying the damages assessed; for although Section 7104, Or. L., provides that such appeal shall not prevent the corporation from using the land, yet the compensation must be first assessed and tendered as required by Article I, Section 18, of the Constitution.

**Eminent Domain—Whether Failure to Object to Condemning Corporation's Taking Land Without Paying Award Amounted to a License Held not Material Where no Damages Shown.**

4. Whether owner's failure to object to condemning corporation's taking immediate possession of the land and constructing railroad

thereon amounted under the circumstances to a license was not material in an action by the owners where no damages were shown, particularly where owners received interest on the original assessment to which they were not morally and legally entitled, and the delay was caused partly by their groundless appeal.

**Eminent Domain—Delay Held Insufficient to Show Abandonment of Proceedings.**

5.   Where a railroad company had land condemned, and the owner immediately appealed, and pending appeal the company constructed its railroad thereon, its delay in entering the mandate on appeal for a period of nine months and in payment of condemnation money *held* not to show abandonment by the company of proceedings in which the owner's appeal was groundless.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1.

The complaint in this case is predicated upon two separate causes of action.   The first is in ejectment to secure possession of a tract of about three and one-half acres of land situated in Multnomah County, Oregon.   The second cause of action alleges that about November 1, 1915, the defendant wrongfully and without right entered upon the said land and constructed a line of railway across the same, and is now operating the railway.   General and special damages therefor are alleged to the extent of $1,500.   The facts were stipulated and the findings of the court substantially follow the stipulation.   The conclusion of law is that the plaintiffs are not entitled to recover.

The circumstances leading up to the present litigation find their inception in *Portland & O. C. Ry. Co.* v. *Sanders,* 86 Or. 62 (167 Pac. 564).   In that action the defendant here sought to condemn for railway purposes a strip of land 20 feet in width across the tract described in the complaint here.   The plaintiffs in this action, defendants in the condemnation proceeding, admitted every allegation of the complaint except the damages, and upon the trial the damages were assessed at $235.   The state land board of Oregon, having a

mortgage upon said land, was made a party defendant, and in the judgment of condemnation it was ordered that the clerk should pay the damages awarded the then defendants Sanders to said land board. An appeal was taken to this court by the defendants Sanders, and the judgment of the Circuit Court was affirmed. The preliminary judgment of condemnation was entered in the Circuit Court in February, 1916, and pending the appeal therefrom by Sanders and his wife, the defendant in the present action in June, 1916, entered upon the lands and constructed its railway along the 20-foot strip in controversy in the condemnation action, and has ever since held the same and operated its railway over it. The defendant here did not pay to the clerk the award of damages made by the court before taking possession of the land, and the mandate in the condemnation case was never entered in the Circuit Court until June 7, 1918, one day after this action was begun, when the defendant here caused the same to be entered, paid to the clerk the $235, with accrued interest, and obtained its final judgment condemning the land, and a further judgment against Sanders and his wife for $124, being its costs on the appeal.

The amount paid by the defendant herein to the clerk on June 7, 1918, was paid by that officer to the state land board, to be applied on its mortgage. This application by the clerk of the proceeds of the judgment was protested by the plaintiffs here, but no remonstrance was made to this defendant, and it had no knowledge of such application. It appears that the plaintiffs have paid the taxes upon all the tract owned by them, including the strip occupied by the defendant railway, amounting in all to $242, and that the defendant has paid no taxes on said strip, except that in 1917 and 1918 it paid taxes upon its entire trackage and

right of way upon a mileage basis. There was no evidence or indication as to the value of the land or the rental value of the portion occupied by the defendant railway, and defendant did not occupy or claim the right to use any other part of said strip. The court found for the defendant, and plaintiffs appeal.

AFFIRMED.

For appellants there was a brief over the names of *Mr. J. F. Shelton* and *Mr. G. E. Hamaker,* with an oral argument by *Mr. Shelton.*

For respondent there was a brief over the names of *Messrs. Hart & Hart,* with an oral argument by *Mr. J. N. Hart.*

McBRIDE, C. J.—1. We will consider the causes of action in inverse order to which they are presented. As there is no evidence of damage by reason of defendant's occupation of the land, even if such occupation was wrongful, plaintiffs could recover only nominal damages. In the absence of showing special or other damages, these nominal damages were amply compensated by the payment of interest on the amount of the award from the date thereof until June 7, 1918. The fact that the amount awarded plaintiffs was paid by the clerk to the state land board to be applied on the mortgage, instead of being paid to plaintiffs, can have no bearing here. Such payment was strictly in accord with the preliminary judgment rendered in the condemnation proceedings, which was affirmed by this court, without, so far as appears from the opinion in that case, any objection upon that ground urged by these plaintiffs.

2. It is contended with some show of plausibility that the failure of defendant to enter the mandate of

this court to pay the award and to obtain a final judgment of condemnation for a period of over 27 months after the preliminary judgment of the Circuit Court in the condemnation proceedings constituted an abandonment of such proceedings. It is thoroughly established by the decisions that, where a preliminary judgment fixing the amount of compensation to be paid the owners of property is rendered, it is incumbent upon the corporation to pay that amount within a reasonable time, and thus secure a final order, or it will be deemed to have abandoned the proceedings; the unreasonable delay being considered conclusive evidence of an intent not to accept the property upon the terms and at the valuation by the court or jury: *Bensley* v. *Mountain Lake Water Co.,* 13 Cal. 306 (73 Am. Dec. 575); *Chicago* v. *Barbian,* 80 Ill. 482. A judgment fixing the value of the land is not in this state an authorization to the party condemning to take possession of the premises. It merely puts such party in a position where by paying into court the ascertained value of the tract sought to be condemned he can thereafter use the property for the purpose for which condemnation is sought. Since this is true, the defendant was not authorized by virtue of its preliminary judgment fixing the amount to be paid to take possession of the land sought to be condemned, without complying with the law requiring the value ascertained by the court to be paid to the clerk for the owners or others whose interests entitle them to compensation.

3. Nor are we of the opinion that the fact that the plaintiffs here promptly appealed from the preliminary judgment assessing damages dispensed with the necessity of the railway corporation's paying over to the clerk the damages assessed. It is true that Section 7104, Or. L., provides that such appeal "shall not stay

the proceedings so as to prevent such corporation from taking such lands into possession and using them for the purposes of the corporation," etc. But, before doing so, the compensation must be "first assessed and tendered," as required by subdivision 18 of Article I of the Oregon Constitution.

4. Whether the failure of plaintiffs to object to the corporation's taking immediate possession and constructing its road upon the strip in controversy amounted, under the circumstances, to a license so to do, is not material in view of the fact that no damages have been shown to have resulted from the act, and further taking into the account the fact that plaintiffs received interest upon the amount of the original assessment, to which interest they were not morally or legally entitled, inasmuch as the delay in the final adjudication was caused in great part by their groundless appeal.

5. Returning now to the question of abandonment, it may be said that abandonment is largely a matter of intent, and that intent is to be deduced from the acts of the party. The defendant has not shown any intent to abandon the proceedings, except that it delayed entering the mandate of this court for a period of about nine months after our decision was handed down. It promptly took possession of the strip pending the appeal and built and operated its road thereon. The defendant did not bring the case here, and probably it took the position that it was the duty of the parties who brought it to get it back into the Circuit Court so that they could collect their damages. We do not think that the delay under the circumstances was so unreasonable as to justify us in saying as a matter of law that the defendant here had abandoned the proceedings, especially as the plaintiffs have not shown

98 Or.—40

any injury resulting to them from such delay. The plaintiffs prosecuted a groundless appeal and are responsible for much of the delay. But for that appeal, no doubt they would have had their damages long ago.

The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

BURNETT, HARRIS and JOHNS, JJ., concur.