(No. 22677.—
NATHAN R. FELDMAN *et al.* Appellants, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed April 24, 1936.*

WILSON and HERRICK, JJ., dissenting.

WILLIAM FELDMAN, (HOWARD F. BISHOP, WILLIAM H. DILLON, EUGENE H. DUPEE, WILLIAM T. HAPEMAN, GEORGE A. MASON, DANIEL S. WENTWORTH, ANGUS ROY SHANNON, and AARON SOBLE, of counsel,) for appellants.

BARNET HODES, Corporation Counsel, WILLIAM H. SEXTON, and ARTHUR A. SULLIVAN, (JOSEPH F. GROSSMAN, and TOLMAN, CHANDLER & DICKINSON, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

A certificate of importance brings here for review a judgment entered by the Appellate Court for the First District reversing the municipal court of Chicago in an action in assumpsit to recover interest on a condemnation judgment. The question presented is "whether suit can be maintained for interest claimed on a condemnation judgment where the face amount of the judgment has been paid in full and accepted by the plaintiffs." As a result of rehearings allowed and the filing of more adequate briefs on both sides, the court, prompted in part by the public importance of the question involved, has given unusual consideration to the various points raised.

The facts are comparatively simple. On February 23, 1925, in proceedings under the Local Improvement act, appellants were awarded $39,000 as compensation for a strip of land required by the city of Chicago in the widening of Clinton street. At the same time $6000 was assessed against them for benefits, leaving a net amount of $33,000 due them. This $33,000 judgment was paid by the city on July 22, 1926—practically one year and five months after the judgment. At the time of payment appellants gave a deed conveying the land to the city but also demanded payment of interest, and accepted the amount paid under protest. The amount demanded in and allowed by the municipal court was $2762 and costs, being interest at five per cent per annum on $33,000 from February 23, 1925, until July 22, 1926.

The identical question here present was settled by this court in the case of *Turk* v. *City of Chicago,* 352 Ill. 171. It was there held, after an exhaustive review of prior decisions, that section 3 of the general statute on interest applies to final and unconditional judgments entered against municipalities in condemnation proceedings. Section 3, in part, provides: "Judgments recovered before any court or

magistrate shall draw interest at the rate of five (5) percentum per annum from the date of the same until satisfied." The statute is express and clear. No exception is made therein as to judgments rendered as compensation for lands damaged or taken for public use. Under such circumstances we held in *Epling* v. *Dickson,* 170 Ill. 329: "No exception is made in the statute where a judgment has been rendered as compensation for lands taken or damaged for public use, and in the absence of an exception the statute which controls judgments in other cases must control here. Moreover, it has often been held that a final judgment for the amount found to be due as just compensation will draw interest.—*Cook* v. *South Park Comrs.* 61 Ill. 115; *City of Chicago* v. *Palmer,* 93 id. 125."

The claim here was for a sum certain, depending only upon computation. Demand for interest was made at the time the judgment was paid. The amount of compensation was fixed by the judgment and the rate of interest was fixed by the Interest act. No dispute could arise between the city and the property owner as to the amount to be paid, after the judgment became final and unconditional. The land was then presumed to have been taken for public use. Thenceforth the city could not escape payment of the judgment, regardless of when it took actual possession of the property condemned. (*City of Chicago* v. *McCluer,* 339 Ill. 610.) As was said in *Turk* v. *City of Chicago, supra:* "The judgment was final and unconditional. It bears no element not found in any *quod recuperet* judgment entered against a municipality. By that judgment appellant owned the property condemned and all rights pertaining thereto, including the right to take possession. The appellee by that judgment came into an unconditional right to the compensation awarded. What appellant did, after the date of the judgment, concerning possession of the property was a matter solely within its choosing. There is no authority in law for saying that it could enforce a tenancy on appellee with-

out his agreement thereto, at a rental in the amount of the interest then accruing on the judgment or in any amount."

A confusion has doubtless arisen in the application of the different statutes in past decisions. This proceeding is based entirely upon the Local Improvement act of 1897 as amended, which differs materially from article 9 of the Cities and Villages act and also from the Eminent Domain statute. The case of *City of Chicago* v. *Barbian,* 80 Ill. 482, relied upon by appellee, was brought under article 9 of the Cities and Villages act of 1872, which has been superseded by the present Local Improvement act of 1897. No provision existed in article 9 of the Cities and Villages act similar in any respect to section 32 of the present Local Improvement act. In the former act the verdict of the jury was not absolute but was conditioned upon payment. In the *Barbian case* the effect of non-payment and failure to take possession constituted an abandonment of the proceedings. Obviously this sort of procedure no longer exists, and the *Barbian case* is therefore inapplicable as an authority under our present statute. The finality of a judgment in condemnation under our present law was well illustrated in *City of Chicago* v. *McCluer, supra.* There a motion was made to dismiss the proceeding because there was no money available for the payment of the property, on the theory that such failure, as in the *Barbian case,* constituted an abandonment. In denying this contention we said: "When appellee elected to enter the judgment herein it thereby became bound and liable to pay the amount of such judgment whether the assessment is collected or not. (Local Improvement act, sec. 32.) * * * The judgment is final as far as the city is concerned and cannot be set aside after the lapse of ninety days." Citing *People* v. *Weaver,* 330 Ill. 643.

Other cases cited by appellee are likewise beside the point. The case of *South Park Comrs.* v. *Dunlevy,* 91 Ill. 49, decided in 1878, was a proceeding under the Eminent Domain

statute—not the Local Improvement act. There the question arose whether interest should be allowed from the time of the filing of the petition for condemnation. The court there denied the right to interest from the time the petition was filed, saying the defendants had the full use of the property while the case was pending and for that reason should not be allowed interest before the property was actually taken. It is not contended in the present case that appellants were entitled to any interest from the date the petition was filed but only from the date the judgment became final and unconditional. The case of *City of Evanston* v. *Knox,* 241 Ill. 460, cannot be cited in support of the rule disallowing interest, as that question is not discussed in the *Knox case.* However, it was there significantly pointed out that the law had been changed "to obviate the evils" since the *Barbian decision,* in that section 53 of article 9 of the Cities and Villages act had been amended in 1891 to provide that unless the condemnor took possession of condemned land within two years from the entry of the judgment the property owner could, on motion, have the proceedings dismissed as to his property. In the same decision section 32 of the Local Improvement act of 1897 was held to be conditional up to the time the petitioner, after securing final judgment against all the defendants, elects to enter the judgment. In *City of Chicago* v. *Roth,* 334 Ill. 132, and *City of Chicago* v. *Thomasson,* 259 id. 322, the owners voluntarily surrendered possession, then filed petitions under the Local Improvement act to recover the amounts and judgment, plus interest. In both cases this court held that the remedy had been misconceived; that the filing of such petition was not authorized by any provision of the Local Improvement act, but that the property owner was not limited to that statute and could seek complete relief by instituting separate proceedings in tort. As authority for its conclusion in the *Roth case* the court cited *Mecartney* v. *City of Chicago,* 273 Ill. 276, where posses-

sion was voluntarily surrendered by the owner before the compensation was paid, and where it was "held that he could maintain an action of trespass on the case against the city for the amount of his judgment and interest."

It is contended that a final condemnation judgment was not known to the law at the time the interest statute was passed, and that therefore the interest statute did not apply to condemnation judgments. This argument is unsound, because as early as 1871 this court specifically held that under the act of 1852 a condemnation judgment became final upon its rendition even though payment was sometimes delayed, and that interest accrued from the date of the judgment and not from the date of possession. (*Cook v. South Park Comrs.* 61 Ill. 115.) Likewise in 1881, interest was allowed from the date of demand after judgment rather than from a time about three years later, when possession was taken, in *Beveridge v. Park Comrs.* 100 Ill. 75. In this last case it was held: "Here the rights of the parties were unalterably fixed. Plaintiff in error could not resume the ownership, nor could the commissioners abandon the property. The commissioners were bound to pay for the property, and the owner to receive the money and yield possession to the commissioners. They were both under this legal duty, irrevocably fixed by the judgment." While these cases held that the demand for payment of the judgment, rather than the date of its rendition, marked the time from which interest should be computed, nevertheless it is significant that in both of these early cases the finality of the judgment was recognized as the determining factor—not the date of the possession. In distinguishing its decision in the *Beveridge case* from that previously rendered in *South Park Comrs. v. Dunlevy, supra,* relied upon by appellee, this court said (p. 80): "There cannot be the slightest pretense that the commissioners have the power to oppress plaintiff in error by postponing payment indefinitely, and thus deprive him of all beneficial use of his

property and of the money the law required them to pay to him within a reasonable time. If they may thus deprive him of his rights for nine years, why not for twenty-five years? The law can never tolerate such oppression and wrong, and not afford some compensation for the infliction of the injury."

The allowance of interest on condemnation judgments is thus seen to be no novelty in this State but is well sustained by authority of our own and other State courts for many years. Our own decisions have not been entirely harmonious, due, partially, no doubt, to some confusion arising from various legislative enactments upon the related subject matter in acts pertaining to cities and villages, eminent domain and local improvements. But the basis for the rule is sound, in that it originates from the constitutional right to just compensation for private property taken for public use. Where there is delay in the payment of a condemnation judgment it cannot reasonably be said that its payment at some later date will amount to just compensation, because the owner in such cases is deprived of the full and beneficial use and enjoyment of his property without legal process or compensation. (*Forster* v. *Scott*, 136 N. Y. 677.) When the judgment became final in the present case the owner could not freely use his property. It could not be repaired, altered or rented with any certainty as to time of occupancy or the probable return of any money expended by the owner or lessee upon it. The judgment in favor of the city gave it the right to take possession at any time and thus nullify any effort of the owner or tenant to profit by its beneficial use. This court has frequently held that the constitutional safeguards of due process of law and just compensation are self-executing and need no statutory enactment, (*Roe* v. *County of Cook*, 358 Ill. 568; *People* v. *Kelly*, 361 id. 54;) and that "the compensation to which the property owner is entitled is the amount of money necessary to put him in as good

condition financially as he was with the ownership of the property." (*City of Chicago* v. *Koff,* 341 Ill. 520.) The rule as to the point of time from which interest is to be computed—whether from the date of judgment, date of demand or date of possession—is purely a matter of legislative grace, and thus varies in the different States. But the reason for the rule—the constitutional right of one deprived of the full use of his property to receive full compensation therefor and interest during the period of time this compensation is withheld—is well settled in almost all of the States. (1 Nichols on Eminent Domain, (2d ed.) pp. 649, *et seq.*) To the same effect, it is to be noted that in a recent case (*Girard Trust Co.* v. *United States,* 270 U. S. 163, 70 L. ed. 524,) the Supreme Court of the United States also held that where a statute expressly provides for the payment of interest on the principal debt, "the authorities all hold that the acceptance of the payment of the principal debt does not preclude a further suit for the interest unpaid."

The decision of the Appellate Court that the city was not liable for interest in this case was based largely upon an ingenious argument of counsel, repeated here, that when the owners accepted payment of the principal of the judgment they abandoned whatever claim they might have had to interest. This argument, however, finds no support either in the admitted facts before us, in the provisions of the statutes or in the decisions of this court. It ignores the essential fact that here the interest is purely statutory, and arises neither from an agreement, express or implied, nor by way of damages or penalty for delay in payment of the principal. None of the necessary elements of accord and satisfaction exist here, as the claim was for a sum certain, the amount was not in dispute, and there was no offer to pay or accept less than the judgment in full settlement. On the contrary, it is conceded that when the city paid the judgment the owners then demanded interest and accepted

under protest the payment of the judgment without interest. Under these circumstances there was no waiver of the interest.

The judgment of the Appellate Court is reversed and the judgment of the municipal court of Chicago is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of municipal court affirmed.*

Mr. JUSTICE WILSON, dissenting:

I am unable to concur in the majority opinion. It has been an unbroken rule of law in this State that interest will not run against a city in a proceeding under the Local Improvement act until after possession taken, and in no event after compensation has been paid. Since no vested right can be acquired in the property without the owner's consent until compensation is paid, there can be no vested right in the compensation until it is paid. An early case in this court which undertook to define the nature and character of the judgment in a condemnation proceeding brought under the Local Improvement act is that of *City of Chicago* v. *Barbian,* 80 Ill. 482, where it was held that a property owner's right under his judgment was to have his compensation before his property was taken or damaged, and if never taken or damaged there was no basis whereon to rest his claim for compensation. In *South Park Comrs.* v. *Dunlevy,* 91 Ill. 49, it was held: "Our conclusion on this branch of the case is, that until the possession of the property has been taken, interest cannot be allowed; that so long as the owner holds the possession and use of the property, the compensation should not bear interest—in other words, that the possession and use of the property must be regarded as an equivalent for interest." This rule was re-affirmed in *City of Evanston* v. *Knox,* 241 Ill. 460, and *People* v. *Weaver,* 330 id. 643.

The case of *Caldwell* v. *Highway Comrs.* 249 Ill. 366, involved a proceeding by the commissioners of highways to

lay out a public road. Certain parties prayed an injunction restraining the commissioners from opening the highway until payment was made. Mr. Justice Cartwright in his opinion said: "The only right of the complainants was to an injunction against the opening of the road until their damages should be paid, and as the public have not had the use of the property but it has remained in the possession and use of the complainants, the judgments will not draw interest."

There have been tort actions where damages have been awarded because of the negligence of the city to take possession under its judgment or to take steps indicating a refusal to be bound by the judgment. Illustrative of this principle is the case of *Mecartney* v. *City of Chicago,* 273 Ill. 276. This case was an action in tort to recover damages on account of an unreasonable delay by the city to either accept benefits of the judgment and pay compensation, or to disaffirm. The compensation in that case recovered was in the nature of damages, and the amount was ascertained on the basis of the interest that would have accumulated in the event the judgment had been paid within a reasonable time. In no case in this State, however, was interest allowed until the holding in *Turk* v. *City of Chicago,* 352 Ill. 171, and in that case it was based upon section 3 of the Interest act, and therefore was a departure from the well recognized rule applicable to condemnation judgments in this State.

In my opinion the Interest act is not applicable to a judgment in a condemnation proceeding brought under the Local Improvement act. In the first place, at the common law there was no right of interest unless especially provided for by contract. Interest is a creature of the statute, alone. (*City of Pekin* v. *Reynolds,* 31 Ill. 529.) In the second place, interest does not run against a municipality except by express agreement. (*South Park Comrs.* v. *Dunlevy, supra.*) In the third place, the judgment in a

proceeding of this character is not a *quod recuperet* judgment, inasmuch as no execution can issue in satisfaction thereof—at least until after the expiration of a designated period of time. The retention of the property, together with its income and use, offsets the interest that would accumulate on the judgment. In other words, the city would be paying interest although it did not have title to the property and someone else would be collecting the income and would be entitled to the use and benefits of the property.

The Local Improvement act provides a code of condemnation of private property in the making of public improvements. It regulates the entire proceeding without resort to any other act, and there is no provision in it expressly providing for interest on the final judgment. (*Rieker* v. *City of Danville,* 204 Ill. 191; *City of Chicago* v. *Sullivan Machinery Co.* 269 id. 58.) That the legislature had the question of interest in mind is evidenced by the fact that the statute makes provision for the payment of costs and interest under certain circumstances and conditions, namely, where an appeal is prayed and allowed by the city, but makes no provision for interest as to the judgment itself where no appeal is prayed. The Local Improvement act under which this proceeding was initiated was passed in 1897. This was after section 3 of the Interest act was enacted. It would appear, therefore, that the legislature did not have in mind the Local Improvement act at the time it enacted section 3 of the Interest act. It is also significant that no suits were instituted, so far as the records of this court disclose, seeking to recover interest on judgments obtained under the Local Improvement act, until the case of *Turk* v. *City of Chicago, supra,* decided in 1933. Under the Local Improvement act a special assessment contemplates a certain fixed amount necessary to pay judgments and costs. It was never contemplated that interest should be allowed on the judgments, otherwise the exact amount requisite to complete and pay for the im-

provement could never be, with reasonable accuracy, ascertained. The argument against the allowance of interest on this judgment could be carried on at length but would answer no useful purpose. Despite the argument of the majority of the court I am of the opinion that it has been the invariable rule that judgments in condemnation cases do not draw interest until the property has been taken or damaged.

Mr. Justice Herrick concurs in this dissent.